THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
*v.* VINCENT KISCHEL, Appellant.

Argued October 12, 1937; decided November 23, 1937.

*Sidney W. Fischman* and *Clarence A. Baracks* for appellant. The justice of the peace sitting as a Court of Special Sessions in the town of Clarkstown had no power or jurisdiction to try the defendant upon the crime charged. (*Matter of Praither,* 285 N. Y. Supp. 32;

*Pierson* v. *People*, 79 N. Y. 424; *People* v. *Shimko*, 111 Misc. Rep. 487; *People* v. *Monahan*, 257 N. Y. 388; *People* v. *Kraft*, 229 App. Div. 281; *People* v. *Harris*, 123 N. Y. 70.)

*George V. Dorsey, District Attorney*, for respondent.

CRANE, Ch. J. The question presented for determination is whether the justice of the peace of the town of Clarkstown had jurisdiction to hear and determine the charge set forth in the information. It was charged in the information that the defendant, in the town of Clarkstown, Rockland county, on a day named, did violate section 1851 of the Penal Law " by wrongfully, unlawfully, wilfully, falsely, maliciously and knowingly resist, delay and obstruct a public officer in discharging and attempting to discharge the duty of his office." On the adjourned date of the trial, counsel for defendant requested trial by a jury. A jury was drawn, the case tried, and appellant was convicted of the offense charged.

Article VI, section 17, of the Constitution provides for the election of justices of the peace. " Their number, classification and duties shall be regulated by law." Section 18 provides that " Courts of special sessions and inferior local courts of similar character shall have *such* jurisdiction of offenses of the grade of misdemeanors as may be prescribed by law, and the Legislature may authorize them to try such offenses without a jury." Section 56 of the Code of Criminal Procedure provides that " Subject to the power of removal provided for in this chapter, courts of special sessions * * * have in the first instance exclusive jurisdiction to hear and determine charges of misdemeanors committed within their respective counties, as follows." Thirty-nine subdivisions specify the particular crimes over which such exclusive jurisdiction extends. The crime charged in the information against defendant is not comprehended within any of these subdivisions. Subdivision 38 includes

a case, " When a complaint is made to or a warrant is issued by a committing magistrate for any misdemeanor not included in the foregoing subdivisions of this section, if the accused shall elect to be tried by a court of special sessions, as provided by section two hundred and eleven. But this subdivision shall not apply to any misdemeanor which is or may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months." Since a violation of section 1851 of the Penal Law is punishable by imprisonment for not more than one year or by a fine of not more than $500, or by both, it does not come within the terms of subdivision 38. No exclusive power to hear and determine this charge is, therefore, conferred upon the Court of Special Sessions by section 56 of the Code.

No other provision of law can be found conferring upon justices of the peace of towns jurisdiction to try misdemeanors generally, or to try the particular misdemeanor charged in this information. Though the jurisdiction conferred by section 56 of the Code is said to be exclusive, that does not mean that they have concurrent jurisdiction to try all misdemeanors. The Constitution limits the jurisdiction of Courts of Special Sessions and inferior local courts to such misdemeanors as may be prescribed by law. Not only is no general jurisdiction over misdemeanors conferred by statute, but the statutes and decisions of the courts, by implication, deny such extensive jurisdiction. Section 31 of the Town Law (Cons. Laws, ch. 62) provides that justices of the peace shall have such jurisdiction in criminal matters as " is now or may hereafter be conferred by law." The Village Law (Cons. Laws, ch. 64) and the various city charters confer a more extensive jurisdiction upon police justices in villages and criminal courts in cities. By section 182 of the Village Law, " the Legislature extended to the police justice of the village the jurisdiction possessed by the Special Sessions in cities of trying all misdemeanors and restricting him

to preliminary hearings in felony cases." (*People* v. *Monahan*, 257 N. Y. 388, 391.) In *People* v. *Kraft* (229 App. Div. 281, 284, 285) the court in passing upon the construction of section 182 of the Village Law, remarked that the section prior to the amendment " undoubtedly limited the jurisdiction to the offenses enumerated in sections 56 and 56-a of the Code of Criminal Procedure." The court said: " It is clear that the Legislature had a definite purpose in mind to extend the jurisdiction of police courts of villages to include a greater number of misdemeanors than those triable by the courts held by justices of the peace and other officers having similar authority."

In *People* v. *Harris* (123 N. Y. 70) the defendant was indicted at a Court of Oyer and Terminer for having sold to a cheese factory milk diluted with water. The act which embraced all offenses relating to the dairy products provided that " ' Courts of Special Sessions shall have jurisdiction of all cases arising under this act, and their jurisdiction is hereby extended so as to enable them to enforce the penalties imposed by any or all of the sections hereof.' " This court said: " We do not see in this section any intention on the part of the Legislature to give such courts exclusive jurisdiction of the offenses therein described, and it is plainly evident that the section quoted was simply intended to authorize the prosecution of such offenses before that tribunal. Such courts possess a limited jurisdiction only, and by express constitutional provision, have authority to try offenses of the grade of misdemeanors, only when specially empowered to do so by law. (N. Y. Const. § 26, art. 6.) By the then existing statutes, those courts had no power to try offenders for a violation of the crime defined in section 3 of the act of 1884, and this qualifying provision was necessary to enable them to entertain jurisdiction of such cases " (p. 74).

Section 211 of the Code of Criminal Procedure gives recognition to the limited jurisdiction to try misdemeanors

under section 56. As above noted, jurisdiction is conferred to try a misdemeanor not expressly included within that section, if the accused shall elect to be so tried. But it is expressly provided that that subdivision shall not apply to any misdemeanor punishable by a fine exceeding fifty dollars or imprisonment exceeding six months. (Code Crim. Proc. § 56, subd. 38.) Section 211 provides that if the crime be one triable as so provided, the magistrate, before holding the defendant to answer, must inform him of his right to be tried by a Court of Special Sessions, and must ask him how he will be tried. " If the defendant shall not require to be tried by a court of special sessions, he can only be held to answer to a court having authority to inquire by the intervention of a grand jury into offenses triable in the county."

The justice of the peace of the town of Clarkstown had no jurisdiction, therefore, to try the offense charged in the information.

The judgments should be reversed and the information dismissed.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.