THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN C. MEYERS, JR., Appellant.

County Court, Montgomery County, March 9, 1955.

432

*Gale & Farrell* for appellant.

*Clinton S. Cole, District Attorney (William J. Crangle, Jr.,* of counsel), for respondent.

KNIGHT, J. The defendant, on January 23, 1955, plead guilty to a charge in an information that he committed " a *traffic infraction* in violation of Subdivision 4, Section 2 of the Public Authorities Law of the State of New York " (italics mine) by driving a motor vehicle while on the " N. Y. S. Thruway " at a rate of speed " in excess of 60 miles per hour for a distance of more than one-fourth of a mile ". He was adjudged to and did pay a fine of $5. An appeal has been taken to set aside the conviction.

It is claimed that the information is defective in alleging a violation of subdivision 4 of section 2 of the Public Authorities Law. It is true that there is no such subdivision and section. Nevertheless, the information stated and the defendant well knew the acts constituting the offense with which he was charged and that is sufficient. Language in an information charging the wrong section of the law may be disregarded, if the information fully advises the defendant of the acts relied upon to constitute the alleged violation of the statute. (*People* v. *Adler,* 174 App. Div. 301.)

Another and more prejudicial mistake appears in the information. It is charged therein that the defendant did " commit a traffic infraction ". Driving a motor vehicle at a speed in excess of sixty miles an hour on the New York State Thruway is a crime, not a traffic infraction. (Public Authorities Law, § 361.) Although the defendant was not charged with committing a

crime, he was convicted of one. The error is substantial and renders the information legally insufficient. The defendant was prejudiced of a substantial right.

An information is the allegation made to a magistrate, "that a person has been guilty of some designated crime." (Code Crim. Pro., § 145.) It must contain allegations of the alleged violation of law with such accuracy that the accused may know the exact offense with which he is charged.

In his return on appeal the Justice states "The charge was distinctly read to him and he was informed of his right to the aid of counsel, jury trial, and to apply for a certificate to remove the case to the County Court and time to make such application and prepare his defense". There is nothing in the return to indicate that the defendant was informed of his rights as required by section 335-a of the Code of Criminal Procedure. No contention to the contrary is made by the respondent. The law requires that the defendant must be instructed of his rights before a plea is accepted. As far as the record before me is concerned, this was not done. The provisions of the statute are mandatory, not directory. "Compliance with the commands of a mandatory statute, is a condition precedent to the validity of an act or determination under it. The mode or way in which the act shall be done or the determination reached prescribed by it must be strictly pursued, otherwise the act or the determination will be void." (*People* v. *Snell,* 216 N. Y. 527, 534.)

It is sufficient upon the facts stated in this opinion that the judgment should be reversed and the information dismissed and the fine remitted to the defendant.

An order may be submitted accordingly.