Poster, J.
 

 The primary issue on this appeal is whether lack of jurisdiction in a Court of Special Sessions can now be raised on appeal to this court from a judgment of conviction, where such an allegation was not specifically raised in appellant’s affidavit of errors or argued to the intermediate appellate court.
 

 Appellant was charged with: (1) the misdemeanor of assault in the third degree (Penal Law, § 244, subd. 1); (2) the offense
 
 *430
 
 of disorderly conduct (Penal Law, § 722, subd. 2); and (3) the misdemeanor of resisting arrest (Penal Law, § 1825). Trial was had in the Justice’s Court of the Town of Aurora; the jury brought in a verdict of not guilty to the first two above-mentioned charges, but guilty of the charge of resisting arrest. To perfect her appeal, appellant submitted an affidavit of errors alleging grounds for reversal (Code Grim. Pro., § 751), none of which specifically raise the question of jurisdiction of the Justice’s Court, other than perhaps: “The information was insufficient as'a matter of law.” On her appeal to the Erie County Court, the judgment of conviction was affirmed.
 

 Raised specifically for the first time is the contention that judgment must now be reversed because the Justice’s Court of the Town of Aurora did not have jurisdiction to hear and adjudicate a violation of section 1825 of the Penal Law. This court, as a Court of Special Sessions in the counties other than those within the City of New York, has jurisdiction to hear and determine charges only as specified in section 56 of the Code of Criminal Procedure (see N. Y. Const., art. VI, § 17; Town Law, § 31). There are many subdivisions to this section, of which all but the following 2 list specific offenses (resisting arrest is not included) triable in Courts of Special Sessions:
 

 “ 37. Such other jurisdiction as is now provided by special statute or municipal ordinance authorized by statute.
 

 “ 38. When a complaint is made to or a warrant is issued by a committing magistrate for any misdemeanor not included in the foregoing subdivisions of this section, if the accused shall elect to be tried by a court of special sessions, as provided by section two hundred and eleven. But this subdivision shall not apply to any misdemeanor which is, or may be punishable by a fine exceeding fifty dollars, or by imprisonment exceeding six months.”
 

 As the People now concede, the Justice’s Court of the Town of Aurora does not have jurisdiction by any special statute or ordinance to try a violation of section 1825 of the Penal Law. A violation of said section, the misdemeanor of resisting arrest, is punishable by a fine of not more than $500 or not more than one year’s imprisonment, or by both (Penal Law, § 1937).
 

 It seems clear that the Justice’s Court had no jurisdiction to hear and determine the misdemeanor upon which appellant was
 
 *431
 
 convicted
 
 (People
 
 v.
 
 Kischel,
 
 276 N. Y. 116). Such a defect requires a reversal of the conviction, for it is certain that a defect in jurisdiction can never be waived (see, e,g.,
 
 People
 
 v.
 
 Scott,
 
 3 N Y 2d 148, 152).
 

 The People, however, contend that, since an appeal from a Court of Special Sessions may only be taken by filing an affidavit of errors pursuant to section 751 of the Code of Criminal Procedure, the appeal
 
 must
 
 be limited to those errors specifically raised in such an affidavit (see, e.g.,
 
 People
 
 v.
 
 Klein,
 
 7 N Y 2d 264, 266;
 
 People
 
 v.
 
 Prior,
 
 4 N Y 2d 70, 73;
 
 People
 
 v.
 
 Giles,
 
 152 N. Y. 136, 141-142). It is argued that, since appellant did not assign the ‘
 
 ‘
 
 jurisdictional error ’ ’, the trial court was not required to make a return on that issue (Code Grim. Pro., § 756), and the return, which constitutes the record before the County Court and this court (Code Crim. Pro., § 763), does not provide us with a basis for reversal (cf.
 
 People
 
 v.
 
 Mason,
 
 307 N. Y. 570, 574).
 

 This latter view is erroneous. Want of jurisdiction is a basic defect, not a trial error; it may be raised at any time and can never be waived. The record before us, therefore, contains a fundamental defect in the proceedings which could never be waived or cured, and such a defect in the record is disclosed “ upon its face ”
 
 (People
 
 v.
 
 Bradner,
 
 107 N. Y. 1, 4;
 
 People
 
 v.
 
 Klein,
 
 7 N Y 2d 264, 267, supra; cf.
 
 People
 
 v.
 
 Kischel,
 
 276 N. Y. 116,
 
 supra).
 
 Since this defect would undoubtedly be grounds for the issuance of a writ of habeas corpus, it most assuredly can be remedied on this appeal.
 

 With reversal based upon the above-mentioned ground, we need not reach any other question.
 

 The judgment of conviction should be reversed and the information dismissed.
 

 Chief Judge Desmond and Judges Dye, Fuld, Van Voorhis, Burke and Scileppi concur.
 

 Judgment reversed, etc.