Ormand N. Gale, J.
This is an appeal from the Syracuse City Court, Traffic Division, judgment of conviction for violation of section 1141 of the Vehicle and Traffic Law. The defendant appeals to this court on two grounds: First, that the City Court did not have jurisdiction to try the defendant for said violation, and Second, that the People failed to prove the defendant guilty of the charge beyond a reasonable doubt as a matter of law.
The record reveals that the defendant was issued a ticket for violation of subdivision (b) of section 1160 of the Vehicle and Traffic Law, an improper left turn. The defendant was arraigned on an information for that charge to which she pleaded not guilty. After several adjournments, the case was tried on November 19, 1963. On that date, at the beginning of the trial, the People moved to dismiss the original charge of a violation of subdivision (b) of section 1160 and to charge the defendant with a violation of section 1141. However, after the court dismissed the original information, no new information was issued. The trial simply commenced. During the course of the trial, a police officer testified on cross-examination, that he had issued the ticket for an improper left turn which would be a violation of subdivision (b) of section 1160, and admitted that he had not charged the defendant with a failure to yield the right of way in violation of section 1141. Again the defendant moved on that basis to dismiss the action but this motion was denied. This motion was renewed at the end of the People’s case and at the end of the trial, thus preserving it for appeal.
An information is susceptible of amendment. (People v. Easton, 307 N. Y. 336.) But here, upon the motion of the Dis *782 trict Attorney that the information be dismissed, the court was without jurisdiction until a new information had been laid and sworn to. This could not be accomplished by motion: ‘ ‘ In our opinion, the same reasons of policy which we stated in People ex rel. Livingston v. Wyatt (186 N. Y. 383, supra) require verification of an information when used as a basis for obtaining a warrant of arrest, require verification of an information when used as a pldading.” (People v. Scott, 3 N Y 2d 148,152.) Although in the instant case the violation in question is a traffic infraction, traffic infractions are to be treated as misdemeanors as far as procedjure is concerned. (Squadrito v. Griebsch, 1 N Y 2d 471 [1956].)
Objections to the jurisdiction of the court were made initially and throughout the trial. There was no plea of guilty here and consequently no claim of waiver may be asserted.
This is no defect of form. (People v. Love, 306 N. Y. 18.) There is no allegation in the original information to advise the defendant of the áets relied upon to constitute the alleged violation of the statute for which she was tried. (People v. Meyers, 207 Misc. 431.)
Since the only iinformation of record is the one dismissed by the District Attorney, and since an information is essential for trial purposes, even though the charge is violation of a traffic infraction (People v. Szymanski, 16 Misc 2d 581 [1959]) we hold that the conviction must be reversed on the law; the fine remitted, and the conviction removed from the license of the defendant. For the reasons given herein it is unnecessary to decide point tv[o of the appellant’s memorandum.