Frank A. Gulotta, J.
Defendant moves for reargument of an appeal, to the extent that our court affirmed a judgment of conviction on the charge of harassment.
Defendant was charged with assault in the third degree, resisting arrest, and disorderly conduct. The trial court found defendant guilty of resisting arrest and found defendant guilty of harassment, as a lesser offense included in the charge of assault, and disregarded the count of disorderly conduct. We reversed the conviction of resisting arrest and affirmed the defendant’s conviction on the charge of harassment.
Defendant calls our attention to People v. Moyer (App. Term, 2d Dept., No. A-111, May 1969 Term, decided July 2, 1969), wherein the defendant was tried for assault in the third degree and our court held that a charge to the jury that they could find defendant guilty of the violation of harassment was improper since harassment was not a lesser degree of assault in the third degree. The reversal was also based on the People’s failure to establish defendant’s guilt beyond a reasonable doubt. We have *839 re-examined both cases and adhere to our original conclusion that a charge of assault may in a proper case warrant a conviction for harassment. In the Moyer case the result was correct since, in any event, the evidence was insufficient to support a finding of guilt on the lesser charge.
The quality of the acts involved under some of the subdivisions of section 240.25 of the Penal Law, harassment, e.g., using abusive or obscene language in a public place, has little in common with assault. But where the quality of the act is the same, as it is under subdivision 1 of section 240.25, namely, “ strikes, shoves, kicks or otherwise subjects him [the complainant] to physical contact ”, and the only difference is in whether he intends to and succeeds in effecting a physical injury, there is no impediment to holding the defendant to answer for the lesser offense.
The proof in this case, that defendant twice swung at the police officer, who, with admirable restraint, did not return the blows, then wrestled the officer to the ground and twisted his thumb so that it swelled to twice its normal size, would have amply sustained a conviction for assault. Defendant cannot complain that the jury gave him the benefit of a doubt as to his intentions or the result of his violence, or both.
It is well settled, of course, that an information is sufficient which properly describes the acts complained of, whether the proper section of the Penal Law is set forth or not.
Moreover, it has been held that a ruling should not be reversed solely for the reason that a later decision in another case is contradictory of the former ruling (Deeves v. Fabric Fire Hose Co., 19 A D 2d 735).
Therefore the motion for leave to reargue is granted, and upon reargument we adhere to our original decision.
Hogan, P. J., and Glickman, J., concur in opinion by Gulotta, J.