William J. Burke, J.
This decision is being written to resolve the one issue reserved upon subsequent to the oral argument of the instant omnibus motion.
The defendant, in his motion, requested that he be supplied with a "copy of the 'rap sheet’ or arrest record in respect to the People’s witnesses herein”. This request followed a request *912 for names and addresses of prosecution witnesses to be called at trial, which request was granted, along with a reciprocal right to the People for a list of defense witnesses.
The District Attorney contends that discovery of "rap sheets” of his witnesses is improper. This court is of the opinion that the "rap sheets” of witnesses to be called by the prosecution is a proper item of discovery. Although CPL 240.20 does not specifically provide for such discovery, CPL 240.20 (subd 3) does provide for further discovery of nonexempt property upon a "showing by the defendant that (a) discovery with respect to such property is material to the preparation of his defense, and (b) the request is reasonable”. The right of a defendant to confront and cross-examine witnesses is fundamental. This includes the right to attempt to impeach the credibility of witnesses by proving his prior convictions of crime which might tend to show the witness is not worthy of belief. Thus the preparation of a defense includes, out of necessity, the preparation to cross-examine the witnesses offered by the prosecution and one’s right to such cross-examination includes impeachment by proof of prior criminal convictions. Although the District Attorney’s office can readily obtain such information to impeach the defendant’s witnesses, including the defendant himself if he chooses to testify, the defendant — through his attorney assigned, or otherwise — does not have the accessibility or the funds in most cases to obtain such needed information to prepare for trial and properly defend his client. It is no secret that very often the only reason a defendant does not take the stand in his defense is fear or realization that his prior criminal record will be brought before the jury upon his cross-examination.
Thus, to ignore the realization that such evidence is important and vital in a criminal case, be it for the defense in preparation for trial or for the prosecution, is to shy away from reality.
Additionally, the request herein is most certainly reasonable in that the District Attorney’s office has access to records wherein the requested information can be readily obtained.
Moreover, indicative of the concern of the New York State Legislature in this matter, a proposed amendment to CPL 240.20 includes the following specific items of discovery (240.20, subd 3): "The names and addresses of any person whom the prosecutor intends to call as a witness at the trial, together with * * * (b) any record of prior convictions of such *913 person in the possession of or otherwise readily available to the prosecutor, but he shall not be required by this paragraph to cause such person to be fingerprinted”. (Senate Bill 7797-A, Feb. 17, 1976.)
Therefore, it is the order of this court that the District Attorney supply the requested information to the defense in order that they may properly prepare for trial of this matter.