Arnold L. Fein, J.
This is a motion by defendant for a protective order vacating items 1 through 6, 8, 14 and 16 through 20 of the notice of discovery and inspection served by plaintiffs. Plaintiffs’ notice essentially seeks production of the personnel records and file of one Frank Thompson, a police officer in the Police Department of the City of New York, who allegedly shot the plaintiff Bradfield Guzman on March 16, 1973. The action was commenced solely against the city and not against the officer, who it is asserted terminated service in mid-1974, more than one year after the occurrence which is the subject of the action.
Defendant’s motion for a protective order in premised upon the newly enacted section 50-a of the Civil Rights Law which makes confidential "All personnel records, used to evaluate performance toward continued employment or promotion” of *271 individuals defined by statute as police officers. By the terms of the statute, such records are not subject to inspection or review without the express written consent of the police officer or lawful court order. The statute sets forth the procedure to be taken by the court upon such an application. A hearing is provided for, with all interested parties having a right and opportunity to be present and to be heard. Subdivision 2 requires that there be a clear showing of facts sufficient to warrant a request for the records before the court may order their production. Upon such a showing, the court may direct that the personnel records be sent to him under seal for an in camera inspection. If the records are thereafter determined to be material and relevant to the action, the court may direct that they be made available to persons so requesting.
The statute is of recent origin having been enacted by the Legislature in 1976, effective June 21, 1976 (L 1976, ch 413). Prior to enactment of the statute, a similar procedure was directed upon application by a defendant in a criminal proceeding for production of the personnel records of police officers expected to testify on behalf of the prosecution (People v Sumpter, 75 Misc 2d 55).
The statute codifies and establishes a uniform rule applicable to all actions in which production of police personnel records is sought.
Plaintiffs claim the statute has no application here because the officer is no longer a member of the police department, having been separated from service well before the effective date of the statute. Plaintiffs suggest that since the personnel records may no longer be used to evaluate the officer’s performance for continued employment or for promotion, the protection afforded by the statute is unnecessary. The contention, however, lacks merit. The statute is clear and specific in setting forth the appropriate procedure to be followed. Nor is the statute on its face limited to the records of police officers who hold the position at the time of the demand for inspection. Had the Legislature intended to limit the rule to persons who were police officers at the time of the request, it would have so provided. The absence of an appropriate provision in this regard is significant.
The rationale for the procedure mandated by the statute would appear to apply equally to police officers no longer on the force and those still so employed. As noted in People v Sumpter (75 Misc 2d 55, 59-60, supra): "There is obviously a *272 public interest in insuring that the Police Department will conduct thorough investigations of the background of police officers before they are appointed, and will maintain continuing records of their performance of duty and of complaints against them and of departmental action with respect thereto. It is obvious that such records should be available only to those who have a need to know their contents for the purpose for which they are maintained. * * * It has been widely noted that such records often contain raw data, uncorroborated complaints, and other information which may or may not be true but may be embarrassing, although entirely irrelevant to any issue in the case, even as to credibility. The fear of such disclosures may well preclude people from making themselves available as witnesses and dry up valuable sources of evidence. If it is held that the Police Department is required to produce such records as to police officers, why not all governmental agencies and any employer, credit card company, bank, business or corporation with respect to any witness? The private life of every witness called for whatever purpose would in effect become an open book.”
Here, it is clear that plaintiffs did not proceed in the manner directed by the statute. The statute does not authorize the service of a notice under CPLR 3120 for the production of such police personnel records.
Accordingly, defendant’s motion for a protective order is granted in all respects. Items 1 through 6, 8, 14 and 16 through 20 of plaintiffs’ notice for discovery and inspection are vacated and stricken. Plaintiffs, if so advised, may make an appropriate application for relief, in accordance with section 50-a of the Civil Rights Law before Special Term, Part I. Defendant shall produce the documents responsive to the remaining items of plaintiff’s notice (items 7, 9 through 13, 15, 21 and 22) at a time and place mutually agreed upon by counsel within 20 days after service of a copy of this order with notice of entry. Serve a copy of this order with notice of entry without undue delay.