OPINION OF THE COURT
William R. Humburg, J.
On February 25, 1977, the defendant, Robert S. Gutterson, was issued a uniform traffic summons by a member of the Nassau County Police Department which charged said defendant with a violation of section 230.02 of article 2 of the Ordinances of the Village of Lattingtown in that he allegedly operated his motor vehicle within the Village of Lattingtown at a speed of 52 miles per hour in a 40 mile per hour zone.
The defendant appeared pro se before the Village Court in Lattingtown and requested certain documents from the Nassau County Police Department which he believed would aid him in the preparation of his defense to the alleged violation. This court advised the defendant to make a written application to the court, on notice to the People, requesting the information, documents, etc., which the defendant deemed necessary for his defense. The defendant has complied with the court’s directive by serving his requests and the reasons therefor on the prosecuting attorney for the village. The defendant’s requests are as follows:
1. A bill of particulars specifically stating the means by which the police officer arrived at the determination that the defendant exceeded the speed limit.
2. If a radar unit was used to measure the speed of defendant’s automobile, defendant seeks to obtain service records for said unit and when it was last calibrated before February 25, 1977, as well as records for maintenance and calibration thereafter.
3. Finally, defendant requests personnel records of the arresting officer, i.e., test scores or grades in determining or measuring his ability to use equipment for recording the speed of motor vehicles, test scores or grades measuring his ability to visually estimate the speed of motor vehicles, the delicien *1107 cies and margins of error therein and the dates when said patrolman was given refresher or training courses in the use of such equipment and/or his ability to estimate speeds of moving vehicles.
It is fundamental to our system of justice that a defendant must be fully apprised of the facts and law which he is being accused of having violated. In this matter, the defendant is entitled to receive, in addition to the simplified traffic information with which he was served on February 25, 1977, a supporting deposition (CPL 100.25, subd 2) by the police officer containing factual allegations of an evidentiary character which supplements the simplified traffic information and supports the belief that defendant committed the offense charged (CPL 100.20, 100.25, subd 2). The defendant has an absolute right to a supporting deposition before the commencement of trial. (People v De Feo, 77 Misc 2d 523, 524.) Accordingly, the complainant police officer is directed to file a supporting deposition with this court and cause a copy thereof to be served upon the defendant.
In addition, in order that the defendant may be able to properly prepare and conduct his defense in this matter (see CPL 100.45, 200.90), this court is satisfied that defendant is entitled to more particularization about his alleged violation than is contained in the simplified traffic information. Therefore, the prosecuting attorney is directed to serve a bill of particulars upon the defendant specifying the means by which the police officer determined the defendant exceeded the speed limit. Simply to state that a defendant was traveling a certain speed above the designated lawful rate is insufficient to inform the defendant so that he may prepare his defense. In addition to a police officer’s independent estimate of the defendant’s speed, there are a number of instruments or devices which may be employed to accomplish the same objective. As Judge Namm noted in People v Perlman (89 Misc 2d 973, 976), radar detection of speed has made great advances and various types of "radar devices have gained wide acceptance in all courts”. If a speed detection device was employed to clock defendant’s speed, he should be apprised of the manufacturer and model name and number of said device in the bill of particulars. This is at least necessary in keeping with the spirit of affording a defendant an adequate opportunity to prepare for his defense. In order to properly defend himself, is a defendant in a traffic matter required to bear the unreasonable burden of coming to *1108 court prepared to try his case, anticipating every available device on the market employed by the police departments to detect speeds of motor vehicles?
Defendant’s request for information relative to the maintenance and calibration records of a speed detection device, if one was used to measure defendant’s speed, is denied. The previous direction to provide defendant with the name of the manufacturer, model and number of said device is ample disclosure to assist defendant in preparing his defense.
Finally, defendant requests disclosure of certain personnel records of the arresting officer in the custody of the Nassau County Police Department which would bear on the officer’s ability to estimate the speeds of moving vehicles. It is well settled in this State that the opinion evidence of police officers, "uncorroborated by mechanical devices, will be sufficient to sustain a speeding conviction.” (People v Olsen, 22 NY2d 230, 231; see, also, Matter of Sulli v Appeals Bd. of Admin. Adjudication Bur., 55 AD2d 457, 461.) A police officer’s estimate of speeds based upon his experience may be one means therefore of demonstrating that a defendant has been guilty of speeding. In order for the trier of the facts to be fully cognizant of all factors relevant to the patrolman’s experience and ability to estimate the speeds of moving vehicles, a defendant may properly present evidence or cross-examine the officer in relation to his training, etc. In addition, in order to obtain a fair trial, the defendant should be prepared to cross-examine the police officer on his ability to estimate the speed of moving vehicles and the requested information is germane to that ability.
There has been no demonstration that the records requested, if they exist, constitute investigatory files compiled for law enforcement purposes and which thereby would be exempt from disclosure (Marshall v New York State Police, 89 Misc 2d 529). Traditionally, records of law enforcement agencies have been exempted from public disclosure and only recently through the "Freedom of Information Law” (Public Officers Law, art 6) has that restriction been relaxed. However, access to an agency’s records under this law is not without limitation (Public Officers Law, § 87, subd 2; see Matter of Westchester Rockland Newspapers v Mosczydlowski, 58 AD2d 234). The information sought by the defendant in this action does not fall within any of the protected areas under this statute.
Courts have recently permitted disclosure of records of the *1109 complaints and investigations of civilian complaints against a police officer (Walker v City of New York, 90 Misc 2d 565); a copy of the "rap sheet” or arrest record in respect to the People’s witnesses (People v Howard, 89 Misc 2d 911); and "a number of courts have granted discovery of a wide range of official documents, including police arrest, investigative and incident reports [cases cited]” (People v Simone, 92 Misc 2d 306, 312).
In addition, the Legislature in 1976 amended the Civil Rights Law so as to provide a means to obtain "[a]ll personnel records, used to evaluate performance toward continued employment or promotion, under the control of any police agency or department of the state or any political subdivision thereof * * * as may be mandated by lawful court order” (Civil Rights Law, § 50-a). This legislation established a uniform rule in relation to the production of police personnel records. (Guzman v City of New York, 91 Misc 2d 270, 271.) The enactment further provides certain procedural safeguards to protect against the unbridled disclosure of said personnel records.
An ample opportunity has been afforded the People to be heard on defendant’s application. This court is satisfied that information relative to the patrolman’s ability to estimate the speeds of moving vehicles which may be contained in the officer’s personnel file is material which may be necessary for the defense during the trial of this matter and to aid in cross-examination on the issue of credibility. (See People v Sumpter, 75 Misc 2d 55.) This decision is not a license nor shall it serve as an authorization that in every instance a defendant will be permitted to conduct an unfettered or untrammeled search of a police officer’s personnel file. The determination of such applications must be made on an ad hoc basis with the court being the final arbiter as to whether the defendant has demonstrated the relevancy or materiality of the information in the personnel records to warrant disclosure (cf. People v Lugo, 93 Misc 2d 195).
Accordingly, the Nassau County Police Department is directed to produce the personnel records of the officer involved to the Trial Judge sealed, for examination and determination by said Judge as to whether any information contained in such records should be made available to defendant to aid in cross-examination or for other use at the time of trial. (See People v Sumpter, supra, p 61; People v Simone, supra, p 315.)