OPINION OF THE COURT
William H. Bristol, J.
Defendant, Kristian Noblett, appeals from a judgment of conviction entered against him in Brighton Town Court, Honorable James E. Morris. Following a nonjury trial on April 11, *827 1996, the defendant was found guilty of speeding, a violation of Vehicle and Traffic Law § 1180 (b). The local court imposed a fine of $60 and a surcharge of $25.
For the reasons that follow, the judgment of the local court is reversed and defendant’s conviction vacated.
FACTS
On November 24, 1995, New York State Trooper Zackery Dunbar observed a green Chevrolet traveling northbound on Interstate 590 in the Town of Brighton, over 1,000 feet from where he was stationed atop an overpass on Elmwood Avenue. He activated his laser speed measuring device and determined that the vehicle was 984 feet away and was traveling at a speed in excess of the legal limit, specifically, 79 miles per hour in a 55-mile-per-hour zone. Trooper Dunbar then radioed New York State Trooper William Mills, who was parked on a nearby entrance ramp, with relevant information (color, make of vehicle, lane of travel, viz., far left passing lane apparently moving toward the right).[1] Although there was moderate to heavy traffic, Trooper Mills got behind a vehicle which appeared to match the description given by Trooper Dunbar and pulled it over. He heard Trooper Dunbar assure him over the radio that Mills had pulled over the correct vehicle.[2] After reviewing the driver’s identification documents he issued a uniform traffic ticket to defendant charging him with speeding, a violation of Vehicle and Traffic Law § 1180 (b).
Defendant, in a timely fashion, requested that a supporting deposition be furnished to him in addition to the simplified traffic information issued by Trooper Mills. Trooper Dunbar signed a supporting deposition concerning a "Krisian Noblett [sic]”, affirmed on February 18, 1996, and delivered it to "Ms. Noblett”.[3] A nonjury trial was held on April 11, 1996. The People called two witnesses: Troopers Mills and Dunbar. Defendant represented himself and also testified in his own behalf. Following the trial, the Honorable James E. Morris is *828 sued his verdict from the Bench convicting defendant of speeding. This appeal ensued.
LAW
"[A] police officer may arrest a person for * * *
"any offense when he has reasonable cause to believe that such person has committed such offense in his presence”. (CPL 140.10 [1] [a].)
When a police officer so acts, he has the option (almost always exercised in traffic infraction cases such as this) to issue a traffic ticket or citation, as they are commonly called, but which are legally denoted by CPL 100.25 and 100.10 (1) (a) as "simplified traffic informations” substantially in the form prescribed by the Commissioner of Motor Vehicles.
As with all accusatory instruments, the simplified traffic information serves two purposes: to give notice to the accused of the charge brought against him and to provide the court with information sufficient to establish that it has, indeed, jurisdiction to hear the case. (CPL 100.10 [2] [a].)
A simplified traffic information is issued at the scene (CPL 100.10 [2] [a]) and is sufficient on its face unless a demand is made for a supporting deposition (CPL 100.25). When such a demand has been made in a timely fashion, a defendant has an absolute right to a supporting deposition from the complainant police officer before the commencement of trial. (People v Gutterson, 93 Misc 2d 1105 [1978]; People v De Feo, 77 Misc 2d 523 [1974].)
CPL 100.25 (2) states: "A defendant arraigned by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged * * * Upon such a request, the court must order the complainant police officer or public servant to serve a copy of such supporting deposition upon the defendant or his attorney, within thirty days of the date such request is received by the court, or at least five days before trial, whichever is earlier, and to file such supporting deposition with the court together with proof of service thereof.” (Emphasis added.)
CPL 100.40 (2) provides as follows: "A simplified information is sufficient on its face when, as provided by subdivision one of *829 section 100.25, it substantially conforms to the requirements therefor prescribed by or pursuant to law; provided that when the filing of a supporting deposition is ordered by the court pursuant to subdivision two of said section 100.25, a failure of the complainant police officer or public servant to comply with such order within the time provided by subdivision two of said section 100.25 renders the simplified information insufficient on its face.” (Emphasis added.)
Here, in response to his request, Mr. Noblett received a supporting deposition which failed to comply with the dictates of GPL 100.25. The plain language of this statute requires that the supporting deposition of the complainant officer, here State Trooper William Mills, be served on the defendant. Trooper Mills did not supply a supporting deposition. What the defendant did receive was a supporting deposition from Trooper Dunbar. Thus, the accusatory instrument was insufficient on its face as a legal matter. As a practical matter, the effect of this was to deny the court information to tie together Trooper Dunbar’s observations with those of Trooper Mills. Trooper Mills, as the complainant police officer, was legally required to file the supporting deposition in order to show facts that supported or tended to support the charge in the traffic ticket. It was his duty to file information to the effect that "I pulled over the car which my partner, Trooper Dunbar, informed me via radio, he saw speeding” or words to that effect. Trooper Dunbar’s supporting deposition, although it purports to establish that he knew the registration number of his own personal knowledge (which would tie together his supporting deposition with the simplified traffic information of Trooper Mills), is simply not supported by the record. He testified at trial that his knowledge of the year and registration of the vehicle pulled over "was relayed back to him” by the pick-up car. (Transcript, at 4.) His supporting deposition purports to state personally known facts when, in fact, the information to which he swears was based on information and belief derived from Officer Mills’ radio broadcast. His supporting deposition, without so stating, simply "boot straps” the validity of the arrest.
Because a simplified traffic information and supporting deposition are sufficient if based on either personal knowledge or upon information and belief (People v Origlia, 138 Misc 2d 286, 288 [1988]), there would have been a valid and sufficient accusatory instrument if Trooper Mills had affirmed in his own supporting deposition, based on information and belief, citing as his source Trooper Dunbar’s radio transmissions, all of the *830 information contained, in Trooper Dunbar’s supporting deposition.
It is well settled that " '[a] valid and sufficient accusatory-instrument is a nonwaivable jurisdictional prerequisite to a criminal prosecution’ ”. (People v Johnson, 187 AD2d 990 [4th Dept 1992], citing People v McGuire, 5 NY2d 523, 527; People v Scott, 3 NY2d 148, 152; see also, People v Nicometi, 12 NY2d 428 [1963].) Therefore, the local court lacked jurisdiction to hear this case and, despite the fact that defendant did not raise the issue at trial, "[w]ant of jurisdiction is a basic defect * * * it may be raised at any time and can never be waived.” (People v Nicometi, supra, at 431.)
This court well recognizes and appreciates the need for safety on our highways and the difficulty in enforcing traffic laws on busy, speedy interstate highways; this court understands the difficulties involved in trying these cases in local courts where the defendants tend to be strangers to the court while the Troopers are familiar participants in the proceedings. Even such a learned and respected Judge as in the instant case may be affected by the press of business on his busy calendar and the "same-old-song” familiarity of another contested speeding ticket case. It is just such circumstances that yield an occasional oversight by a trial court. Appellate courts, with the benefit of hindsight and the time for deliberation, sometimes see important issues that are not readily apparent at time of trial during hectic court dockets. Nevertheless, the requirements of the Criminal Procedure Law are designed to make sure that the court has jurisdiction and to accurately describe the nature of the probable cause that exists to arrest a person without a warrant. These requirements were not met here and good-faith beliefs and best efforts are not a substitute for the requirements of the law.
Accordingly, the judgment entered in Brighton Town Court must be, and hereby is, reversed and defendant’s conviction vacated.

. In fact, at trial, Trooper Dunbar could not recall whether defendant made any lane changes. Trooper Mills, however, testified that he was told by Dunbar that defendant was moving from the far left lane into the right lane.

. This court notes that mathematically the maximum amount of time Trooper Dunbar had to view the speeding vehicle, which was traveling at a rate of 79 miles per hour over a distance of 984 feet, was 6.22 seconds.

. The record is barren of any explanation as to why Trooper Dunbar refers to a "Krisian” Noblett instead of "Kristian” Noblett, and as to why Trooper Dunbar swears that the defendant is a "Ms.” instead of a "Mr.”