OPINION OF THE COURT
Memorandum.
Ordered that the judgment of conviction is affirmed.
In a simplified traffic information dated November 22, 2008, Police Officer Vincent Ratinella alleged that defendant had committed the traffic offense of speeding by driving a motor vehicle at the speed of 113 miles per hour in a 55 miles-per-hour zone. The instrument alleged the location of the violation as: “Place of Occurrence MONTAUK HWY/NAPEAGUE MEADOW RD, Hwy. No. 27, C/T/V Name TOWN OF EAST HAMPTON, County SUFFOLK.”
Defendant moved to dismiss the simplified traffic information, arguing that the Justice Court had not acquired subject matter jurisdiction because the instrument did not allege that the violations occurred in the State of New York, as required by CPL 20.20 (1) (a).
In opposition to the motion, the People noted that the simplified traffic information herein is an “e-ticket.” They maintained that e-tickets are specifically authorized by the Commissioner of Motor Vehicles (15 NYCRR 91.21) and do not include “State of New York” within the location code. The People asserted that the accusatory instrument established the Justice Court’s territorial jurisdiction and argued that Suffolk County, New York, is the only county so named which also contains a town called East Hampton and the roads specified in the instrument.
In a reply affirmation, defendant’s attorney contended that the Justice Court could not take judicial notice that an alleged offense took place within its jurisdiction unless specifically pleaded, as “this court cannot be certain whether there is a highway 27 in the adjoining states ... or for that matter a Napeague Road.” Defense counsel insisted that the Commissioner of Motor Vehicles should reprint the form e-tickets to include a state designation or officers should manually write in “State of New York.”
The Justice Court denied defendant’s motion, and defendant subsequently pleaded guilty. On appeal, defendant renews his contention that the instrument is jurisdictionally defective *70 because it failed to designate the state in which the alleged traffic violation occurred.
A simplified traffic information is sufficient on its face when it substantially complies with the form prescribed by the Commissioner of Motor Vehicles (see CPL 100.25 [1]; 100.40 [2]; People v Key, 45 NY2d 111, 116 [1978]), so long as it designates the offense and contains information establishing the court’s jurisdiction (see People v Sasson, 27 Misc 3d 134[A], 2010 NY Slip Op 50748[U] [App Term, 9th & 10th Jud Dists 2010]; People v Noblett, 172 Misc 2d 826, 828 [Monroe County Ct 1997]).
In this case, the simplified traffic information is an e-ticket, the form of which is specifically authorized by the Commissioner of Motor Vehicles (15 NYCRR 91.21). It adequately designates the offense as Vehicle and Traffic Law § 1180 (b), “speed viol exceed 55 MPH,” and indicates that defendant traveled 113 miles per hour in a 55 miles-per-hour zone. While not explicitly stating that the occurrence took place in New York State, the facts contained in the instrument — including the road, highway, location code, town and county — clearly establish that the occurrence transpired in the State of New York (see generally Gruber v New York City Ry. Co., 53 Misc 322 [App Term 1907] [judicial notice may be taken of geographical facts and the location of streets]). Therefore, the instrument is facially sufficient.
We note that a supporting deposition was furnished to defendant upon his request, in which the ticketing officer specifically stated that the violations had occurred in “the County of Suffolk, NY.”
In view of the foregoing, the judgment of conviction is affirmed.
Tanenbaum, J.P, Molía and Iannacci, JJ., concur.