OPINION OF THE COURT
Martin I. Kaminsky, J.
Defendant is charged with speeding at 92 miles per hour in a 55-miles-per-hour zone on January 27, 2008 at 12:40 a.m. while driving westbound on Route 25A in the Village of Muttontown, New York while driving a 2002 Acura vehicle. The simplified information charges an alleged violation of section 1180 (b) of the Vehicle and Traffic Law (exhibit A to Lieberman aff). Defendant duly requested and received a supporting deposition which specified the statute allegedly violated as Vehicle and Traffic Law § 1180 (a), but which also stated that “the said defendant was observed by your deponent operating ... at a rate of 92 MPH in a 55 MPH speed zone” (exhibit B to Lieberman aff). Thus, the simplified information and the supporting deposition recite the same predicate facts, but allege violations of different subdivisions of the statute.
Whereas section 1180 (b) prohibits driving at a rate of speed above a specified speed limit, section 1180 (a) prohibits driving at an unspecified speed which is not “reasonable and prudent under the conditions” and thus “hazardous” under the circumstances existing at the time. (Rose, New York Vehicle and Traffic Law § 34:1, at 407; § 34:18, at 452 [2d ed].) Defendant contends that the inconsistency between the statutory specification in the simplified information and the supporting deposition renders the supporting deposition deficient, so that the charge must be dismissed. The People contend, in opposition, that this is “not a substantial discrepancy” (Carrieri aff 11 5).
A defendant is entitled to be advised of the charge against him/her, including the facts and law which underlie the charge. (People v Scherbner, 21 Misc 3d 251, 256 [Muttontown Just Ct 2008] [“it is fundamental to our justice system that defendant must be apprised of the facts and law which he is being accused of having violated” (quoting People v Gutterson, 93 Misc 2d 1105, 1107 [1978])]; see also People v Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U] [Muttontown Just Ct 2005]; People v Chess, 149 Misc 2d 433 [1991].)
*933 The question here is whether the defendant has been appropriately advised when the information cites to one section of the statute which the defendant is alleged to have violated but a supporting deposition presented to the defendant cites to another section of the statute. There is sparse, if any, law from which to answer the question.
The cases passing directly on that subject addressed a change in a detail of the underlying facts, not the law. Thus, People v Greenblatt (NYLJ, Nov. 14, 1994, at 29, col 4 [App Term, 2d Dept]) held that the defendant had been given sufficient notice of the charge even though, in the supporting deposition, the police officer changed the location of the offense from “west” to “east,” as originally written in the simplified traffic information. (See Rose, § 34:2, 2010 Supp, at 322.) In People v Worrell (10 Misc 3d 1063CA], 2005 NY Slip Op 52111[U] [Muttontown Just Ct 2005]), dismissal was denied because, although the supporting deposition stated a different year from the information for the violation, it was apparent on the face of the supporting deposition that the year stated there was an inadvertent error which did not cause prejudice to the defendant. (See also People v Modica, 187 Misc 2d 635, 637 [2001] [“the statute . . . does not require precise factual symmetry between the accusatory instrument and the supporting deposition”].)
By contrast, when a supporting deposition changes the legal charge from that specified in the information, the change may have significant substantive effects as to the merits of the charge and the penalty that the defendant will face and, consequently, the defendant’s trial preparation.
This is because there are some significant differences between Vehicle and Traffic Law § 1180 (a) and (b). Vehicle and Traffic § 1180 (a) addresses what is appropriate under the conditions, regardless of a posted speed limit. For example, in Peschieri v Estate of Ballweber (285 AD2d 921 [2001]), the Court found no violation where, although the driver was not exceeding a posted speed limit, he failed to slow down when another driver came into his lane, causing a collision. In People v Jian Xu (13 Misc 3d 142[A], 2006 NY Slip Op 52272[U] [App Term, 2d Dept 2006]) there was no violation because an accident was caused by icy road conditions, rather than the conduct and manner of defendant’s driving. By contrast, a violation of Vehicle and Traffic Law § 1180 (b) necessarily occurs when one is driving in excess of a specified and posted speed limit. Similarly, the minimum fines and penalties (including possible incarceration) for viola *934 tions of Vehicle and Traffic Law § 1180 (a) are significantly less than those for violations of Vehicle and Traffic Law § 1180 (b), which are keyed to and depend on the amount of speed in excess of the posted speed limit the defendant was driving at. (Rose, § 34:17, 2010 Supp, at 341 et seq.) These differences may affect how the defendant approaches trial preparation and proceeds in discussions for a possible bargained plea and vis-á-vis sentencing. Thus, the difference between the simplified information and the supporting deposition here may materially affect the manner in which the defendant would seek to defend himself, and even his decision to go to trial.
The People also contend that, in any event, the discrepancy here is legally immaterial, citing three cases where the failure to list a statutory section in an information, or the listing of an incorrect section, was held to be immaterial and not to warrant dismissal of the case. For example, in People v Meyers (207 Misc 431 [1955]) the defendant moved to dismiss a charge on several grounds, one of which was that, in stating the violation, the information had cited to a statutory section that did not exist. The court rejected that contention since “the information stated and the defendant well knew the acts constituting the offense with which he was charged and that is sufficient,” so that the “section of the law may be disregarded” (id. at 432). In People v Thomson (62 Misc 2d 838, 839 [1970]), the court affirmed a conviction of a harassment charge, where the information had not listed any statute section, explaining that “an information is sufficient which properly describes the acts complained of, whether the proper section of the Penal Law is set forth or not.” Another case cited in Meyers, i.e., People v Adler (174 App Div 301, 303-304 [1916]), ruled that the citation in the information to an incorrect section of the Penal Law, after recitation of the facts giving rise to the charge, did not warrant reversal because the citation of the section “may be disregarded as surplusage” and “did not limit the prosecution to the acts therein stated.”
The People, however, have read those cases too narrowly. .
In Meyers (207 Misc 431 [1955]), a posttrial appeal, the court reversed the conviction because the information had failed to properly alert the defendant to the nature of the charge, listing it as a traffic infraction when, in actuality, it was a crime. That, the court held, deprived the defendant “of a substantial right” because an information “must contain allegations of the alleged violation of law with such accuracy that the accused may know *935 the exact offense with which he is charged” (id. at 433). Similarly, in the case here, the inconsistency of the charge in the supporting deposition and the information deprives the defendant of knowledge as to which type of charge he must defend against at trial.
In Thomson (62 Misc 2d 838, 839 [1970]), the Appellate Term, Second Department, emphasized that the underlying acts involved under the statute specified in the information, i.e., assault, and the lesser offense for which the defendant was convicted, i.e., physical harassment, were the same except that assault also required an intent to and success in “effecting a physical injury.” Since the defendant had to counter and prove the elements of harassment in defending against assault, the defendant was not prejudiced in preparing this defense for trial. The same reasoning led to an affirmance in Adler (174 App Div 301 [1916]). By contrast, in the case before the court here, there are significant differences between the nature of the two different statutory sections cited. Although the underlying facts may be the same, the nature of the infraction is different and the manner in which a defendant will seek to defend may be quite different. Thus, the failure to correctly specify the statute at issue here deprives the defendant of his “substantial rights” to notice of the charge against him, and may prejudice his defense.
The People contend that the consistent recitation (in both the simplified information and the supporting deposition) of the speed at which the defendant was driving and the high rate of speed alleged, in and of themselves, remove any possible prejudice caused by the inconsistency between the simplified information and the supporting deposition. That misconceives the prejudice. One driving at a high rate of speed may be able to show extenuating circumstances in defense of a Vehicle and Traffic Law § 1180 (a) charge; whereas that is rarely if ever a defense under Vehicle and Traffic Law § 1180 (b).
The cases cited by the People, moreover, are criminal cases in which the defendant had ample sources of pretrial discovery. By contrast, the defendant in a traffic case is not entitled to discovery, but rather is relegated to a supporting deposition. (People v Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U] [2005]; People v Rose, 8 Misc 3d 184 [2005]; People v Correia, 140 Misc 2d 813, 818 [Muttontown Just Ct 1988]; see also Matter of Miller v Schwartz, 72 NY2d 869, 870 [1988] [“there is no general constitutional right to discovery” in a traf *936 fie case].) Moreover, unlike a criminal case, the supporting deposition in a traffic case need not provide much more detail than the information itself. As explained in Worrell (10 Misc 3d 1063[A], 2005 NY Slip Op 52111[U], *2 [2005]), in a traffic case, “all the supporting deposition need state are facts from which it can be reasonably inferred that the violation charged was committed”; for example, in a speeding case, only “a statement of street and village, as well as the speed and direction [of the defendant] is needed” (see also People v Ortiz, 146 Misc 2d 594, 596 [App Term, 2d Dept 1990]; Greenfield, 9 Misc 3d 1113[A], 2005 NY Slip Op 51518[U] [2005]). This difference in a defendant’s access to information needed to defend against the charge is substantial and material.
Accordingly, the court grants the motion to dismiss. This case is dismissed.