# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**776**

**CAF 10-01628**

PRESENT: SMITH, J.P., CENTRA, FAHEY, GORSKI, AND MARTOCHE, JJ.

---

IN THE MATTER OF DOMINIQUE M.,
RESPONDENT-APPELLANT.

------------------------------

MONROE COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

MEMORANDUM AND ORDER

---

ROBERT A. DINIERI, ATTORNEY FOR THE CHILD, CLYDE, FOR
RESPONDENT-APPELLANT.

WILLIAM K. TAYLOR, COUNTY ATTORNEY, ROCHESTER (KELLY G. BARTUS OF
COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered June 15, 2010 in a proceeding pursuant to Family Court Act article 3. The order adjudicated respondent a juvenile delinquent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order adjudging her to be a juvenile delinquent based on findings that she committed the crime of unlawful possession of weapons by persons under 16 (Penal Law § 265.05), which expressly states that a person who violates that statute shall be adjudged a juvenile delinquent, and committed an act that, if committed by an adult, would constitute the crime of assault in the second degree (§ 120.05 [4]). Respondent contends that the petition against her should have been dismissed because the alleged acts were not committed within the State of New York and thus that Family Court lacked jurisdiction over her. We reject that contention inasmuch as the evidence established that the acts in question were committed at a gas station at a specified intersection in Monroe County (*see People v Perryman*, 178 AD2d 916, 917, *lv denied* 79 NY2d 1005; *see also People v Bize*, 30 Misc 3d 68).

Respondent failed to preserve for our review her further contention that the court acted as a "second prosecutor" in questioning witnesses (*see Matter of Aron B.*, 46 AD3d 1431), and that contention is without merit in any event. Although the court questioned several witnesses, such questioning was nonadversarial and served only to clarify prior testimony (*cf. Matter of Yadiel Roque C.*, 17 AD3d 1168, 1169; *see generally People v Arnold*, 98 NY2d 63, 67; *People v Yut Wai Tom*, 53 NY2d 44, 56-57). Finally, even assuming, arguendo, that respondent is correct that certain evidence was

improperly admitted in evidence or excluded therefrom, we conclude that any such errors are harmless (*see generally People v Ayala*, 75 NY2d 422, 431, *rearg denied* 76 NY2d 773; *People v Crimmins*, 36 NY2d 230, 241-242).

Entered:  June 10, 2011                                Patricia L. Morgan
                                                       Clerk of the Court