THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* PETER K. D'AGOSTINO, JR., Defendant.

Court of Special Sessions of Town of Elbridge, Onondaga County, December 2, 1966.

*George R. Iocolano* and *John C. Rossi* for defendant. *Francis Moran, District Attorney* (*Leo Hayes* of counsel), for plaintiff.

ROGER SCOTT, J. Defendant moves to dismiss the uniform traffic complaint No. 1558368 which accuses him of speeding on October 10, 1966 in violation of section 1180 (subd. [b], par. 3) of the Vehicle and Traffic Law of the State of New York. The first basis of this motion is that the court has no jurisdiction over the defendant, since the court was not in session on the return date of the ticket. It is admitted that the complaint against the defendant was not filed with the court until October 14, 1966, the return date of the ticket issued, and that the court was not in session, this Judge having left for Washington, D. C., on business the prior day, and not having had notice of the return date of the ticket. This basis is well founded, and is a proper subject for a motion to dismiss. (*Matter of Bennett* v. *Mannix*, 30 Misc 2d 613; *Matter of Abbott* v. *Rose*, 40 Misc 2d 64.)

A Court of Special Sessions comes into existence for each particular case, and if it is not in session on the return date of the ticket, it has no jurisdiction and cannot regain jurisdiction unless a new ticket is issued and complaint filed. (*People* v. *Radak*, 52 Misc 2d 300.)

A second, and more interesting basis for the motion to dismiss is the argument that the complaint and ticket were issued by a trooper operating a pick-up vehicle, while the actual speed of the defendant was registered by a different trooper operating the radar unit, and that there are not affidavits attached to the complaint which is obviously based on information and belief. The court has held in *People* v. *Crouch* (51 Misc 2d 898) that a complaint issued by the pick-up man of a radar team who obtains

his information from the radar operator as to the defendant's speed, without attached depositions or affidavits is jurisdictionally defective. It is argued, however, that the Court of Appeals in *People* v. *Weeks* (13 N Y 2d 944) has decided that such a complaint is valid. The Court of Appeals in the *Weeks* case stated that when the complaint, being substantially in the form prescribed by the Commissioner of Motor Vehicles pursuant to section 207 of the Vehicle and Traffic Law, is coupled with a bill of particulars of the violation charged, it is sufficient. It should be noted, however, that in the *Weeks* case, the bill of particulars was supplied in the form of supporting affidavits, signed by both troopers in the radar team. The Court of Appeals has evidently changed the long-standing rule in criminal cases that a bill of particulars cannot cure a defective information. This court can only assume that this holding is limited to informations charging a defendant with an offense, and is not the rule in an information charging a defendant with a crime. In any event, this court must take judicial notice of the ruling in the *Weeks* case, and apply it to this case. In this case, however, no bill of particulars has been filed prior to the defendant's making the motion to dismiss. This court can find no requirement that the case be adjourned to allow bill of particulars to be filed. The arresting officer knew that bills of particulars would be required to complete the jurisdiction of the court, and failed to file them prior to the return date. In the *Weeks* case, it appears that the first time the defendant knew that the arresting officer did not have personal knowledge of the alleged violation was at the trial. In this case, there is a notation on the complaint that reads: "I observed by radar the vehicle described herein proceeding 53 m. p. h." This notation is signed by Trooper M. W. Panek, and the jurat reads that it was severally sworn to and subscribed by both officers. It is apparent from the complaint that the arresting officer did not have personal knowledge of the alleged violation. It is not contended that the notation by Officer Panek is a deposition sufficient to substitute for a verified bill of particulars such as in the *Weeks* case, and the defendant makes a timely motion to dismiss. This court is also mindful that the addition of the notation by Officer Panek changes the form of the uniform traffic complaint, which in itself makes the complaint invalid. (*People* v. *Bremner*, 51 Misc 2d 632.)

In the *Weeks* case the Court of Appeals stated that the information was substantially in the form prescribed by the Commissioner of Motor Vehicles pursuant to section 207 of the Vehicle and Traffic Law.

It is this court's opinion that the uniform traffic complaint in the form herein, issued by an arresting officer without personal knowledge of the violation, is subject to a motion to dismiss unless depositions or bills of particulars in the form of affidavits are filed prior to the motion to dismiss.

For the above reasons, the defendant's motion for dismissal is, in all respects, granted.