Ernest L. Signorelli, J.
The defendant in this case was convicted after trial by jury, of the misdemeanor of driving while intoxicated. Subsequent thereto, and prior to the pronouncement of sentence, the defendant moved for an order for an arrest of judgment upon the ground that the information upon which this trial was had is defective, and that therefore, this court in fact never had jurisdiction of the matter, and is without jurisdiction to pronounce judgment.
The information in question is uniform traffic ticket No. 161400, which charges the defendant with driving while intoxicated. The complaint was signed by the arresting police officer, and sworn to before a Police Sergeant.
The assertion of insufficiency of this information is predicated upon the fact that the arresting officer who signed the information, did not have personal knowledge of all of the facts, i.e., he did not observe the defendant in the operation of his motor vehicle. The ticket does not state that it is based upon information and belief, and is not accompanied by a supporting affidavit.
It has been universally held by the courts of this State that, where an information is based on information and belief and unsupported by proper depositions, it is Insufficient to give the court jurisdiction. An information which is jurisdictionally defective being based on hearsay, has no validity either as a basis for a warrant, or as a pleading. A defendant is entitled to a dismissal of a prosecution where the information is based solely on inadmissible hearsay. It is a settled rule in criminal procedure, that all of the elements which enter into the definition of an offense, must be so stated in the information, (See People v. Scott, 3 N Y 2d 148; People v. James, 4 N Y 2d 482.)
The People, in contesting this application, have presumably relied on the authority contained in the ease of People v. Weeks (13 N Y 2d 944). The Weeks case is readily distinguishable from the case at bar. In the instant case, the defendant is charged with the commission of a misdemeanor,' and not a speeding offense. In the Weeks case it was held that a simplified traffic information, when coupled with a proper bill of particulars of the charge, is sufficient to inform the defendant of the nature and character of the violation. However, the bill of particulars which was filed in the Weeks case was filed by the officer who observed the speeding violation and was in affidavit form, as distinguished from the bill of particulars in the instant matter, which was not in affidavit form, and was signed by the very same *187 arresting police officer who issued the ticket, and who, admittedly, lacked personal knowledge of the facts contained in both the ticket and the bill of particulars.
It is axiomatic that the rules of criminal law apply with the same force and effect to traffic cases as well as to crimes. (People v. Bresee, 37 Misc 2d 516.)
It is, therefore, the judgment of this court that the defendant’s motion for an arrest of judgment has merit, and should properly be granted. The jury verdict is accordingly set aside and the information is dismissed. The defendant is discharged and the bail is exonerated.