Archibald C. Wemple, J.
The defendant-appellant was issued a traffic summons on January 25, 1967 by an officer of the Schenectady Police Department charging him with a violation of subdivision (d) of section 1180 of the Vehicle and Traffic Law of the State of New York. After trial the defendant was found guilty, fined and his license marked.
In this court counsel has moved for a reversal of said conviction, upon the allegations of error in the trial and proceedings had in this matter.
Defendant-appellant has alleged and the record shows that the bill of particulars in this case was not verified.
It is well established that all sections of the Penal Law and the Code of Criminal Procedure must be strictly construed. The enactment of chapter 1-A of title 3 of part IV of the Code of Criminal Procedure provides for simplified traffic informations. In approving this procedure the Governor filed the following memorandum: “ The proposed bill will greatly facilitate the prosecution of traffic violations and the submission of conviction certificates to the Department of Motor Vehicles. At the same time, adequate safeguards to the rights of the defendant are provided by the requirement that defendant be advised by the Court of his right to a bill of particulars of the violation charged and by preserving his right to request a bill of particulars at any stage of the proceedings.” (N. Y. Legis. Ann., 1962, pp. 356357.)
The purpose of a simplified traffic information was to provide an information of sufficient brevity to be used in packet form with the uniform traffic ticket (People v. Sands, 40 Mise 2d 94). Thus a police officer with one sweep of the pen on a handy packet prepares a traffic ticket, a simple information by marking appropriate boxes, a court copy, and a certificate for the Department of Motor Vehicles.
Convenience cannot be a substitute for justice and with the ever increasing reliance for livelihood on the automobile there is little to be said about driving as a privilege.
*817 Before the enactment of procedures for a simplified traffic information, an arresting officer had to prepare a lengthy and detailed information setting forth the charges. This information had to be verified.
It is evident in the history of traffic informations that convenience was stressed. However, the court cannot indulge in the weakening of basic safeguards.
The bill of particulars allowed under section 147-g of the Code of Criminal Procedure is a safeguard amplification of a simplified traffic information and as such it must be verified. The failure to verify a bill of particulars is a jurisdictional defect and was not waived.- (See People v. Radak, 52 Misc 2d 300.)
Further, the Police Court of the -City of Schenectady is a court of limited territorial jurisdiction. Nowhere does the traffic information allege the occurrence of a traffic infraction within the City of Schenectady. The law on simplified informations has not changed the need for some territorial allegation. An allegation in the bill of particulars does not cure this defect. (People v. Sands, supra.)
The judgment appealed from should be reversed, the information dismissed and the fine remitted. The other assignments of error are not reached in view of this determination.