Edmund A. McCarthy, J.
From the record in this case, it would seem that a member of the New York State Police presented the defendant with a simplified traffic information charging him, at 3:15 p.m. on the 21st day of February, 1967, on Route 5 in the Town of Schuyler, County of Herkimer, in violation of subdivision (a) of section 1129 of the New York State Vehicle and Traffic Law, following too closely. This ■simplified form would appear to have been sworn to on the 21st day of February, 1967 by Leon J. Cioch, Justice of the *319 Peace. The simplified complaint was returnable on February 24, 1967 at 7:00 p.m. before the Justice of the Peace, but according to the return filed in this case, the arraignment took place on February 21, 1967, the date of the alleged offense. However that may be, the return shows that the defendant was advised of his right to a bill of particulars, and he did not request one. Again on April 27, 1967, to which date this case had been adjourned, he and his attorney were again advised as to a bill of particulars, and through his counsel, he stated that he did not want such a bill.
The matter proceeded to trial without such bill of particulars and solely upon the simplified traffic information During the course of the trial it developed, by the sworn testimony of the witnesses involved, that the State Trooper who issued the simplified traffic information did not witness the accident in which this defendant was involved and by reason of which he was charged with following too closely, but came upon the scene a substantial time later and did not personally witness any part of the alleged charge against the defendant or the accident. Consequently, he must have got his information from someone else or from some other source. He did not so state in the simplified traffic complaint, nor was there any affidavit or deposition attached to. the simplified traffic complaint to show the source of his information and the foundation for his belief.
The People contend that section 147-f óf the Code of Criminal Procedure, which gives the - defendant the right at his request for a bill of particulars, has been waived by the defendant in his failure to make such a request for a bill of particulars. The defendant contends that the simplified traffic complaint is defective in that it was based upon information and belief and was not bolstered or substantiated by any affidavits or depositions from which the information alleged in the complaint could have been obtained. The Court of Appeals, in People v. Weeks (13 N Y 2d 944), reversed the order of the Cayuga County Court and upheld the form of simplified traffic information ‘ ‘ when coupled with the bill of particulars ’ \ The holding of this court would then seem to be that such a simplified traffic information coupled with the bill of particulars, even though based upon information and belief, was sufficient to satisfy the statutory requirements.
By analogy, the Court of Appeals held that the simplified traffic information without a bill of particulars based upon information and belief was insufficient to satisfy the statutory requirements. We have been told for years that the defendant *320 has nothing to prove in a criminal action, and when accused of a crime or an offense, he can sit back and say, ‘ ‘ prove it ’ ’ or “show me.” The cases have consistently held that the rules concerning the sufficiency of the information shall apply to traffic infractions as well as crimes. Otherwise the 'Magistrate is deprived of jurisdiction. (People v. James 4 N Y 2d 482; People v. Scott 3 N Y 2d 148; People v. Schwer 7 N Y 2d 838.)
It should be noted that the last three cases were all decided and determined before 1966 when sections 147-a to 147-h of the Code of Criminal Procedure were enacted. But these cases set out the fundamental principles with reference to information, complaints and accusations.
No place in sections 147-a to 147-h do we find that the simplified traffic complaint is to he exempt from this ruling case law when based upon information and belief without supporting depositions.
The failure of a defendant to request a bill of particulars cannot be considered as a waiver of his right thereto; nor can it be considered a consent on his part that a defective information and complaint is thereby corrected and made effective.
If the complaint is defective ab initio, it cannot afterwards be corrected by adding depositions.. The simplified traffic complaint should in fairness show on its face that it is based upon information and belief. Otherwise it is deceptive and it is only upon the trial of the issues, as occurred in this case, that by the sworn testimony the fact is disclosed that the person who made the complaint was not present at the time of the violation and secured his information by hearsay from some other source which he did not disclose on the face of the complaint.
The Legislature cannot in its endeavor to expedite the trial of traffic violations infringe upon the fundamental rights of an individual by permitting him to be convicted upon a simplified traffic complaint based wholly upon information and belief without disclosing the source of such information.
Even a long-form information based upon information and belief must be substantiated by depositions. How then can an individual charged with a traffic violation misdemeanor be deprived of that right?
This court, therefore, holds that Court of Special Sessions of the Town of Schuyler was without jurisdiction when it was first disclosed to the Justice by the evidence that the simplified traffic information was based upon information and belief, and further that the failure of the defendant to request the bill of particulars was not a waiver of the defective simplified traf *321 fie complaint herein. This court further holds that a simplified traffic complaint based upon information and belief alone, without supporting affidavits or depositions, and without a bill of particulars, is insufficient to confer jurisdiction. (People v. Groos, 53 Misc 2d 185.)
The conviction of the defendant should, therefore, be reversed, the information dismissed, and the fine remitted.