Keating, J.
Is the use of the Simplified Traffic Information (Code Crim. Pro., § 147-a et seq.) authorized where the information is based solely upon information and belief, and, if so, is its employment constitutional 1 These are the questions raised by two cases from the Herkimer County Court.
Boback was convicted of the offense of ‘ ‘ Following Too Closely ” (Vehicle and Traffic Law, § 1129, subd. [a]) and was fined $20. On February 21, 1967, about 3:15 p'.m., defendant was driving on Route 5 in the Town of Schuyler and became involved in an accident. Thereafter, he was presented with a Uniform Traffic Ticket. Defendant appeared before a Justice of the Peace and, at the arraignment, was advised of his right to a bill of particulars (Code Crim. Pro., § 147-f). Again, on *191 the date of trial on April 27, 1967, the same advice was given the defendant. Through his counsel, he stated that he did not want a bill of particulars. The trial proceeded. During its course, it developed that the State Trooper who made the Simplified Traffic Information did not witness the accident in which this defendant was involved, but came upon the scene a substantial time later. It was clear that the trooper had obtained his information from someone else. The Simplified Traffic Information did not so state, nor was there any affidavit or deposition attached to the information to show the source of his information and the foundation for his belief.
Boback appealed his conviction before the Justice of the Peace to the Herkimer County Court which held the Simplified Traffic Information defective, based, as it was, upon information and belief, and, therefore, the Magistrate was deprived of jurisdiction under People v. James (4 N Y 2d 482); People v. Scott (3 N Y 2d 148), and People v. Schwer (7 N Y 2d 838).
In the second case, Markwart was charged and convicted of leaving the scene of an accident (Vehicle and Traffic Law, § 600), a misdemeanor, was fined $100, and his license was revoked. The fact pattern is not materially different from that in the Boback case. Relying on his earlier decision in the Boback case, the County Court Judge reversed the conviction and dismissed the information.[1]
The orders of the Herkimer County Court in both cases should be reversed and the judgments of conviction reinstated.
In People v. Scott (3 N Y 2d 148, supra) the absence of a verified information on a misdemeanor traffic charge was fatal to the jurisdiction of Special Sessions even though the information was not used to support an arrest, but solely as a pleading, while in People v. James (supra) a sworn information charging a misdemeanor based entirely on information and belief was also held insufficient as a pleading. (See, also, People v. Schwer, 7 N Y 2d 838, supra, and People v. Jeffries, 19 N Y 2d 564.)
This court, however, has already held that the use of the Simplified Traffic Information is authorized where the informa *192 tion is signed by an officer whose knowledge of the facts is based upon information and belief. In People v. Weeks (13 N Y 2d 944) defendant was issued a Simplified Traffic Information under section 147-g of the Code of Criminal Procedure. for speeding. The information did not state that it was based upon information and belief and it was not accompanied by supporting affidavits. Defendant pleaded not guilty and requested a bill of particulars which was supplied in the form of supporting affidavits, including one by the officer who operated the radar unit. The County Court had held the information defective since it did not state that it was based upon information and belief and it was not accompanied by supporting affidavits. This defect, the court stated, was not cured by the bill of particulars. We reversed: “ The challenged simplified traffic information, being substantially in the form prescribed by the Commissioner of Motor Vehicles pursuant to section 207 of the Vehicle and Traffic Law, when coupled with the bill of particulars of the violation charged filed by the peace officers, was sufficient to inform defendant and the court of the nature and character of the violation with which defendant was charged and to satisfy the applicable statutory requirements” (supra, p. 945).
The County Court here as well as other nisi prius courts have read Weeks as approving the use of a verified bill of particulars to cure a defective information (People v. D’Agostino, 52 Misc 2d 448; People v. Groos, 53 Misc 2d 185) or where an offense — as contrasted with a misdemeanor — is involved (People v. D’Agostino, supra; People v. Groos, supra). Where the bill is not verified (People v. Radak, 52 Misc 2d 300; People v. Groos, supra; People v. Sack, 54 Misc 2d 815; contra, People v. Baratta, 56 Misc 2d 447) or no bill of particulars has been filed prior to the motion to dismiss, the information must be dismissed (People v. D’Agostino, supra). While in Weeks a verified bill of particulars was served, the opinion does not speak of there being any “ defect ” in the information. Moreover, the motion to dismiss was made prior to any demand or service of a bill of particulars. Weeks did not rest on the narrow basis upon which the County Court distinguished it. The cases cited by that court in support of its decision were all decided prior to the *193 passage in 1962 of the sections authorizing the use of Simplified Traffic Informations.
The statutory scheme indicates that it applies in all traffic cases, whether or not the information is issued by an officer having personal knowledge of the violation or the events surrounding the violation. Certainly, there is nothing explicit in the statute which purports to limit its scope in the manner asserted. The sample Simplified Traffic Information, set forth in section 147-e, nowhere requires the officer to state whether the information is based upon information and belief.
Traditionally, the purpose of the rule requiring verified informations by persons competent to testify to the facts contained therein is to deter the bringing of baseless prosecutions by demanding “ that criminal proceedings be underpinned by ‘ the sanction of an oath and subject to the penalty for perjury if willfully false ’ ”. (People v. Jeffries, supra, p. 567, quoting People ex rel. Livingston v. Wyatt, 186 N. Y. 383, 391.) Logically, if that be the goal, it should also apply to informations used as pleadings. In the case of the Simplified Traffic Information statute, however, that basic policy is not achieved even where the arresting officer has personal knowledge. Neither section 147-f, which mandates the service of a bill of particulars upon demand, nor section 147-g, which sets forth what the bill must contain, requires that the bill of particulars be verified or that it be made by a person having personal knowledge of the events. The officer is required to take an oath only if he is called to give, testimony at the trial. Consequently, there would appear to be no reason to draw the distinction, which the defendant urges, since in no event would he ever be protected by the '‘ sanction of an oath ’ [2]
In his memorandum of approval of chapter 605 of the Laws of 1962, the Governor stated that the bill ‘ ‘ will permit the Commissioner of Motor Vehicles to prescribe a simplified form of an information or complaint which ivould serve as a short form pleading and which would be combined with the uniform *194 ticket in a packet ” (emphasis supplied; 2 McKinney’s Session Laws of New York, 1962, p. 3643). Since the information is to be used as a pleading only, there was no constitutional compulsion for the Legislature to limit the use of the Simplified Traffic Information to those cases where the officer had some personal knowledge of the violation. That it was the intent to override the pre-existing law is made clear in the Governor’s memorandum: “ Pursuant to Section 207 of the Vehicle and Traffic Law, the Commissioner of Motor Vehicles is presently authorized to prescribe the form of a uniform traffic summons and complaint. The uniform complaint to be prescribed by the Commissioner was intended to be used in a packet with the uniform traffic ticket and to serve as the pleading in instituting the prosecution of a traffic violation, as recommended by the American Bar Association. Although the form of the summons or ticket has been prescribed, it has been virtually impossible to formulate a complaint or information of sufficient brevity to be used in such a packet and which would meet the present requirements of law with respect to the specificity of criminal pleadings.” (Emphasis added.)
As the foregoing passage from the Governor’s message indicates, previous attempts to combine the summons with the complaint or information proved unsuccessful because of the then existing procedural requirements. A change was therefore required. People v. Jeffries (19 N Y 2d 564, supra [1967]), cited in support of the respondent’s position, did not involve the use of the Simplified Traffic Information, but rather the old procedure of a summons followed by a long-form, verified information. The fact that in Jeffries, which was decided by a closely divided court, Weeks was not cited anywhere indicates that Jeffries is not applicable to Simplified Traffic Informations issued pursuant to section 147-a et seq. of the Code of Criminal Procedure.
It is, therefore, evident that neither the language nor the legislative history of the Simplified Traffic Information statute limits the use of the information to those cases where the officer making the information has some personal knowledge of the violation. Consequently the trial courts were not deprived of jurisdiction because the information was made by an officer having no personal knowledge of the relevant events.
*195 The Constitution does require that the defendant be informed of the nature of the charge and the circumstances under which he is alleged to have violated the law. But the bill of particulars, which the defendants could have had upon demand, fulfills this function.
The Constitution does require that no person be deprived of his liberty unless there be probable cause for his arrest (U. S. Const., 4th Arndt.; Civil Bights Law, § 8). However, the Simplified Traffic Information cannot itself furnish a basis for the issuance of a warrant of arrest or procure the defendant’s appearance before the court.[3] The defendant could not be deprived of his liberty if he should refuse to honor it. If he should choose to ignore the summons and not appear on the return date of the summons, the court must take testimony or have before it affidavits which would establish probable cause before issuing an arrest warrant (Code Grim. Pro., §§ 148-149; see, also, proposed New York Criminal Procedure Law, § 60.20). Thus, the Simplified Traffic Information is being used solely as a pleading and, consequently, this aspect of appellant’s constitutional argument fails.
As noted above, the requirement that an information, used solely as a pleading, should also be based upon evidence sufficient to establish probable cause reflects a desire to protect all defendants from baseless charges. For that reason we have applied the same specificity when the information is used merely as a pleading. (People v. Jeffries, supra; People v. James, supra; People v. Scott, 3 N Y 2d 148, supra.) It is clear that the procedures set forth by section 147-a et seq. do not meet the same stringent requirements of these cases. Nevertheless, the failure to require that information comply with the James and Jeffries cases does not render the Simplified Traffic Information unconstitutional. People v. James rested on “ policy ”, not the dictates of the Constitution (4 N Y 2d 482, 485, supra). There is no constitutional impediment to what the Legislature has here done (Weeks v. United States, 216 F. 292, cert. den. 235 U. S. 697).
*196 Accordingly, in each case the order of the County Court should be reversed and the judgment of the trial court reinstated.
Judges Burke, Soileppi, Bergan, Breitel and Jasen concur; Chief Judge Fuld concurs in result only.
In each case: Order reversed and judgment of the trial court reinstated.

. While in the Markwart ease, the opinion of the County Court explicitly stated that the verdict of conviction was justified on the evidence, in Boback the problem is not discussed. Boback, however, does not raise any question of sufficiency in his brief to this court.

. Even if the bill of particulars by the officer had to be verified (see People v. Scott, 3 N Y 2d 148), which the statute does not require, still it would not satisfy the reasoning of the James and Jeffries eases since the bill of necessity in this ease would be based wholly on information and belief. Where an affidavit is based upon information and belief, it is next to impossible to prove it to be perjurious.

. This would not be the ease if the Simplified Traffic Information were to indicate that it was based on personal knowledge and contained sufficient particulars to establish probable cause.