OPINION OF THE COURT
Margaret C. Reilly, J.
The defendant moves for an order dismissing the simplified traffic information, pursuant to CPL 170.30, 170.35, 100.15 (3), 100.25 (2) and 100.40 (2). The defendant moves upon the *872 grounds that the simplified traffic information is jurisdiction-ally defective due to the failure of the police officers to serve a supporting deposition upon the defendant or his attorney containing the necessary allegations to provide reasonable cause to believe that the defendant committed the offense charged.
The defendant was charged with the operation of a motor vehicle with a suspended registration in violation of Vehicle and Traffic Law § 512.
A simplified traffic information, to be sufficient on its face, need only comply with the requirements of the Commissioner of Motor Vehicles. In the instant case, the simplified traffic information is in the form prescribed by the Commissioner of Motor Vehicles and is thus sufficient on its face. (CPL 100.10 [2]; 100.25 [1].)
If the defendant requests a supporting deposition, or if the People voluntarily tender such a deposition, then the deposition must contain allegations of fact, based either upon personal knowledge or upon information and belief which provide reasonable cause to believe that the defendant committed the offense or offenses charged. (People v Key, 45 NY2d 111 [1978]; CPL 100.40 [2]; 100.25 [2].)
The defendant was arraigned on July 12, 2000 and made a demand for a supporting deposition. On or about July 26, 2000, the arresting police officer forwarded a supporting deposition. This deposition stated that the defendant operated a motor vehicle with a suspended registration sticker. The deposition did not contain an attachment from the Department of Motor Vehicles setting forth when, why or whether the suspension had taken place. The deposition doesn’t mention that the police officer used a mobile access device to form his conclusion.
The police officer’s supporting deposition on July 26, 2000 does not contain allegations of fact based upon personal knowledge or upon information and belief which provide reasonable cause to believe that the defendant committed the offense of which he is charged.
In view of the foregoing, the court finds that the simplified traffic information and supporting deposition for the violation of Vehicle and Traffic Law § 512 when taken together fail to establish reasonable cause to believe that the defendant committed the violation charged.
The People opposed the defendant’s motion. They contend that on September 14, 2000 they served a superseding infor *873 mation and that this renders moot the defendant’s motion for dismissal.
The language of the document indicates that it is a supporting deposition, not a superseding information. As such, the supporting deposition of the complainant police officer was not served upon the defendant or his attorney within the time provided by statute. (CPL 100.25.) This failure to timely comply renders the simplified traffic information insufficient on its face. (CPL 100.40 [2].)
The simplified traffic information and the initial supporting depositions are legally insufficient. The later attempt to correct the defect is not sufficient.
The defendant’s motion is granted.