OPINION OF THE COURT
E. Jeannette Ogden, J.
Defendant was arraigned on the charges of violating Vehicle and Traffic Law §§512 (operating a motor vehicle with a suspended/revoked registration) and 375 (12-a) (b) (2) (operating a motor vehicle with non-transparent side windows), two counts. The accusatory instruments consist of three simplified traffic informations (STIs) and a supporting deposition of Buffalo Police Officer B. Pitts which states that on October 6, 2013 at 6:53 p.m. at 2246 Bailey Avenue in the City of Buffalo
“while on patrol observed def operating ny reg gdb 9127 traveling EB on E. Ferry with front tinted windows tested at 33% upon further investigation def did have suspended reg for parking violations REGISTRATION EXPIRATION DATE: 2014-10-25 STATUS: SUSPENDED: PARKING VIOLATIONS - DEFAULT 2013-09-25 SUSPENDED: PARKING VIOLATIONS SUSPENSION - DEFAULT STYLE: GOLD LOGO: GOLD LEGEND: PASSENGER PLATE ISSUED: 2013-01-25.”
The STI alleging a violation of Vehicle and Traffic Law § 512 indicates, on its face, that the operator is not the owner of the motor vehicle.
*267 Defendant asserts that the STI alleging the violation of Vehicle and Traffic Law § 512 should be dismissed because he is not the owner of the vehicle, had no knowledge that the registration was suspended/revoked and had no reason to know that the registration was suspended/revoked as the registration certificate affixed to the windshield of the vehicle does not expire until October 25, 2014.
The People contend that Vehicle and Traffic Law § 512 is a strict liability statute and defendant’s knowledge that the registration was suspended/revoked, or lack thereof, is irrelevant. The only elements of the offense are operation of a motor vehicle while the vehicle’s registration is suspended or revoked, citing People v Krenzer (180 Misc 2d 757 [1999]).
The court does not disagree with the People’s contention that Vehicle and Traffic Law § 512 is a strict liability statute. However, while the legislature did not expressly include the element of knowledge in the charge of Vehicle and Traffic Law § 512, the element of knowledge is included in the similar charge of Vehicle and Traffic Law § 511, which prohibits the operation of a motor vehicle upon a public highway while knowing or having reason to know that such person’s license is suspended or revoked. The safeguards of notice contained in Vehicle and Traffic Law § 511 protect the defendant’s Fourteenth Amendment due process rights and should be applicable hereto.
The constitutional safeguards afforded by the Due Process Clause of our State and Federal Constitutions for the establishment of criminal liability implicitly require the court to infer the element of knowledge to the charge of Vehicle and Traffic Law § 512 where, as in the case at bar, it is undisputed that the operator of the vehicle is not the owner and the registration certificate affixed to the windshield has not expired.
Penal Law § 15.15 (2) provides that
“[although no culpable mental state is expressly designated in a statute defining an offense, a culpable mental state may nevertheless be required for the commission of such offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, should be construed as defining a crime of mental culpability. This subdivision applies to offenses defined both in and outside this chapter.”
*268 Keeping these principles in mind, this court finds that the element of knowledge, on the part of the non-owner/operator, that the vehicle registration was suspended or revoked at the time of its operation, may be implicated by the defendant as a trial issue to be considered by the court in determining culpability. However, since knowledge is not an express element of the offense, the absence thereof at the pleading phase is not fatal to the sufficiency of the STI and can not form the basis upon which the court may grant a motion to dismiss. Accordingly, defendant’s motion to dismiss the violation of Vehicle and Traffic Law § 512 on this ground is denied.
Defendant also moves to dismiss the charge of Vehicle and Traffic Law § 512 on the grounds that it is legally insufficient in that it fails to set forth nonhearsay allegations of fact supporting each and every element of the offense charged, as required by CPL 100.40. The People oppose the motion asserting that the STIs are legally sufficient.
It is undisputed that the necessary elements of Vehicle and Traffic Law § 512 are operation of the motor vehicle while the registration is suspended or revoked. It is also undisputed that the element of suspension or revocation is supported by the hearsay allegations of Officer Pitts in his supporting deposition.
However, unlike the more stringent requirements for sufficiency of other accusatory instruments, the requirements for sufficiency in the case of an STI are more relaxed.
The facial sufficiency requirements of an STI are set forth in Criminal Procedure Law § 100.40 (2), which provides, in relevant part, that “[a] simplified information is sufficient on its face when, as provided by [CPL 100.25 (1)], it substantially conforms to the requirement therefor.”
Criminal Procedure Law § 100.25 (1) provides that an STI must be substantially in the form prescribed by the Commissioner of Motor Vehicles. CPL 100.25 (2) provides that
“[a] defendant charged by a simplified information is, upon a timely request, entitled as a matter of right to have filed with the court and served upon him, or if he is represented by an attorney, upon his attorney, a supporting deposition of the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged.” (Emphasis added.)
*269 The Court of Appeals in the case of People v Key (45 NY2d 111, 115-116 [1978]) restated this rule.
If a defendant who has been charged by STI requests a supporting deposition, or if the People voluntarily tender such a deposition, then the deposition must contain allegations of fact based either upon personal knowledge or upon information and belief which provide reasonable cause to believe that the defendant committed the offense charged. (People v Chittaranjans, 185 Misc 2d 871 [2000].)
In People v Boback (23 NY2d 189, 191-192 [1968]), the Court of Appeals held that “the use of the Simplified Traffic Information is authorized where the information is signed by an officer whose knowledge of the facts is based upon information and belief.”
However, the deposition supporting a simplified traffic information, to the extent it is based on information and belief, must contain a statement of the source of that information and belief if it is to be sufficient on its face. (People v Lesnak, 165 Misc 2d 706, 709 [1995]; People v Noblett, 172 Misc 2d 826, 829 [Monroe County Ct 1997].)
The supporting depositions of Officer Pitts, albeit hearsay, contain factual averments sufficient to establish reasonable cause to believe that the defendant committed each and every element of the charged offenses. However, the supporting deposition of the Vehicle and Traffic Law § 512 charge does not contain a statement of the source of the information and belief. The supporting deposition states “upon further investigation def did have suspended reg for parking violations” (emphasis added). The basis of the investigation is not indicated and therefore the court does not know if the information was obtained from the Department of Motor Vehicles or the City of Buffalo Parking Violations Bureau. Accordingly, defendant’s motion for dismissal of the charge of Vehicle and Traffic Law § 512 on the grounds of legal insufficiency is granted.