OPINION OF THE COURT
Thomas J. DiSalvo, J.
The defendant was charged with passing a red light in violation of Vehicle and Traffic Law § 1111 (d) (1), via a uniform traffic ticket. At the time the ticket was issued the defendant did not receive a supporting deposition. However, the defendant made a request for same by filling out the appropriate section of the ticket. The court duly ordered the officer in question to provide the requested supporting deposition. As a result, the supporting deposition was issued and timely provided to the defendant.
The supporting deposition alleged in pertinent part as follows:
“That on or about 08:52 A.M. on the 14th day of January, 2015, the above named defendant, Linda P. Colburn, did operate a 2014 Nissan Color Grey, bearing State of New York registration plate number GRG 8779, in a southerly direction on Holt Road, that being a public highway of the Town of Webster, County of Monroe, State of New York. Further, that at said time and place, your defendant’s vehicle did pass a steady circular red signal at Route 104 east access road without stopping causing a four car accident.
“The for [e] going factual allegations are based upon oral admissions of the defendant and the witnesses on scene of the accident.”
Defense counsel submitted a motion requesting that the accusatory instruments herein be dismissed as being insufficient on their face pursuant to CPL 100.40 (2); 100.20 and 100.25 (2).
Facts of the Case
CPL 100.10 (2) (a) sets out the definition of a simplified traffic information. CPL 100.25 (1) sets out the requirement that such an accusatory must be in a form prescribed by the Commissioner of Motor Vehicles.
“The simplified information is a statutory creation *973 designed to provide an uncomplicated form for handling the large volume of traffic infractions and petty offenses for which it is principally used. It need not provide on its face reasonable cause to believe defendant has committed the offense (see, People v Key, 45 NY2d 111, 115-116; see also, People v Boback, 23 NY2d 189).” (People v Nuccio, 78 NY2d 102, 104 [1991].)
Nevertheless, once a supporting deposition is provided, whether upon request of the defendant or voluntarily by the People, the standard for sufficiency is raised to that of reasonable cause.[1] A defendant charged by a simplified traffic information is entitled to a supporting deposition, if timely requested.[2] CPL 100.20 deals with the form and content of supporting depositions and sets out the requirement that the allegations therein, whether based on personal knowledge or upon information and belief, be of an “evidentiary character.” The supporting deposition must be issued by “the complainant police officer or public servant, containing allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged.”[3]
In the instant case the charge herein was not based on the observations of the officer. Thus it was not based on his personal knowledge. The officer indicates in his supporting deposition that the charge was based on oral admissions of the defendant and the witnesses on the scene of the accident. In fact the charge herein is based on the information and belief of the officer.
Issue Presented
Do the unspecified oral admissions of the defendant and the unspecified statements of witnesses on the scene of the accident, as referred to in the supporting deposition, rise to the level of allegations of an evidentiary character that would render the accusatories herein sufficient on their face?
Legal Analysis
CPL 100.20 requires that a supporting deposition set out “factual allegations of an evidentiary character, based either *974 upon personal knowledge or upon information and belief, which supplement those of the accusatory instrument and support or tend to support the charge or charges contained therein.” This certainly raises the standard for sufficiency as it applies to a simplified information, when a supporting deposition has been supplied. In fact, “The phrase ‘factual allegations of an evidentiary character’ means nonconclusory descriptions of what the deponent personally observed, heard or experienced.” (People v Concepcion, 36 Misc 3d 551, 553 [2012].) This concept obviously applies equally to allegations based on personal observation or upon information and belief. In addition, “ ‘the deposition supporting a simplified traffic information, to the extent it is based on information and belief, must contain a statement of the source of that information and belief if it is to be sufficient on its face.’ ” (Gerstenzang & Sills, Handling the DWI Case in New York § 16:10 [2013-2014 ed] [citations omitted].) CPL 100.25 (2) further requires that allegations in a supporting deposition, “based either upon personal knowledge or upon information and belief, [provide] reasonable cause to believe that the defendant committed the offense or offenses charged.”[4] This is not the “prima facie” standard required for informations.[5] However, the reading of a simplified information accompanied by a supporting deposition is governed by the “reasonable cause” standard.
There are competing concepts to consider when evaluating the sufficiency of a simplified information accompanied by a supporting deposition. There is the requirement “that such an instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend.”[6] There is the concept put forward by the Court of Appeals that states, “So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading . . . ,”[7] (People v Casey, 95 NY2d 354, 360 [2000].) Finally, there is *975 the reasonable cause standard as required for supporting depositions.[8]
In this case there is no scrivener’s or other trivial error set out in either the simplified traffic information or supporting deposition that would allow for an amendment. The defendant has not been supplied with a copy of her alleged statement or that of any of the so-called witnesses on the scene of the accident. Nor is it clear if the witnesses were involved or not involved with the accident. Thus one cannot determine the actual source of the officer’s information and belief, since one is left to conjecture as to what was actually said to the officer by said individuals. That would make it difficult if not impossible to prepare a defense to the charge herein. Lastly, there is the reasonable cause standard for sufficiency that must be considered. The allegations in the supporting deposition that the defendant gave inculpatory statements and that the witnesses gave statements tending to support the guilt of the defendant without more are conclusory. Thus such allegations are not of an “evidentiary character.”[9] Such conclusory allegations do not support the concept of reasonable cause to believe the defendant committed the offense charged.
Conclusion
For the reasons set forth above the motion to dismiss the accusatory instruments consisting of a simplified traffic information and a supporting deposition, charging the defendant with passing a red light, is hereby granted.

. People v Key, 45 NY2d 111, 116 (1978).

. CPL 100.25 (2).

. Id.

. Reasonable cause is defined by CPL 70.10 (2).

. See People v Suber, 19 NY3d 247 (2012).

. CPL 170.35 (1) (a).

. If the concept of giving an accusatory instrument a fair and not overly restrictive reading applies to a misdemeanor information, it must certainly apply to a simplified information.

. CPL 100.25 (2).

. See CPL 100.20 relative to the form and content of a supporting deposition.