OPINION OF THE COURT
Thomas J. DiSalvo, J.
History of the Case
The defendant was charged with common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), per se driving while intoxicated (Vehicle and Traffic Law § 1192 [2]), aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]), operating a motor vehicle with registration suspended or revoked (Vehicle and Traffic Law § 512), operating without giving proof when proof required (Vehicle and Traffic Law § 355),[1] operation of an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]), operation of an uninsured vehicle (Vehicle and Traffic Law § 319 [1]) and failure to notify the Department of Motor Vehicles of address change (Vehicle and Traffic Law § 509 [8]) on June 6, 2015. The defendant was given uniform traffic tickets, which directed the defendant to appear in court on July 8, 2015. The defendant appeared on that date with his attorney, and was arraigned on the charges herein. He was then released on his own recognizance.
*658 Defense counsel timely filed numerous motions with the court, to wit: omnibus motions relative to suppression, preclusion, probable cause and various trial motions; motions to dismiss the alcohol related charges based on grounds of insufficiency/defectiveness/jurisdictional/legal impediment, etc.; motions to dismiss some of the non-alcohol related charges based on grounds of insufficiency/defectiveness/jurisdictional/ legal impediment, etc. and a motion in limine demanding that the results of a chemical breath test be excluded. This decision will only deal with the sufficiency motions relative to the alcohol and the other vehicle and traffic accusatory instruments. The People duly provided the defense with a CPL 710.30 notice which included a supporting deposition relative to the alcohol related offenses, an Aleohol/Drug Influence Report and an addendum thereto. Defense counsel also submitted a request for supporting depositions pursuant to Criminal Procedure Law § 100.25 (2) relative to the non-alcohol related charges. Pursuant to an order of this court defense counsel was duly provided with said supporting depositions. The matter was then set down for argument of motions.
Issues Presented
Are the accusatory instruments charging the defendant with common-law driving while intoxicated, per se driving while intoxicated and aggravated driving while intoxicated insufficient due to a failure to allege operation based on the supporting deposition of the arresting officer?
Are the accusatory instruments charging the defendant with operating a motor vehicle with a suspended registration, driving an unregistered motor vehicle and operating a motor vehicle without insurance insufficient due to the lack of a Department of Motor Vehicles printout being attached to the supporting depositions?
Legal Analysis
Driving While Intoxicated Charges[2]
The arresting officer in this case is Monroe County Deputy Sheriff Matthew S. Whiting. He submitted a pre-printed supporting deposition with blanks to enter information, boxes to check and words to circle. Said form indicates that it was revised on April 4, 2012. It is the very language and structure *659 of the supporting deposition that is objected to by the defense. The supporting deposition reads as completed as follows:
“I, Matthew S. Whiting, employed as a Deputy Sheriff with the Monroe County Sheriffs Office Rochester, New York, by this Supporting Deposition, makes the following allegations of fact in connection with an Accusatory Instrument filed or to be filed with this Court against the above named defendant, charge the defendant with the following: Driving While Intoxicated, Road Conditions: Dry—No Debris. On June 6, 2015 at approximately 9:59 RM. your Deponent observed a 2005 Chevrolet bearing NY Registration # 22234LV on Empire Blvd So [sic] Gravel Road in the Town of Webster, County of Monroe, State of New York. Your deponent did identify/observe[3] the operator of the vehicle as being the defendant subsequent to: [ / ] A violation of the N.Y.S.Vehicle and Traffic Law, Section (s): 512.”
Defense counsel argues that each of the accusatory instruments charging the defendant with the intoxication charges is insufficient because the supporting deposition herein fails to allege operation of the vehicle by the defendant while in an intoxicated condition. Criminal Procedure Law § 100.25 (2) requires that a supporting deposition must contain “allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged.”
There is no doubt that the language of the supporting deposition fails to indicate that the deputy observed the defendant operate his vehicle in an intoxicated condition at the date and time in question. Nor does it allege his operation upon information and belief. On the reverse side of the supporting deposition is the Alcohol Influence Report. Attached to the supporting deposition was the Alcohol Influence Report and an addendum. Both of those documents were signed by Deputy Whiting. However, neither of these documents are verified in accordance with CPL 100.30 (1) (d). The addendum to the Alcohol Influence Report did indicate that the defendant was the driver of the vehicle that was stopped by the deputy, because of a check of the vehicle’s license plate resulted in a response from the Department of Motor Vehicles stating “registration Tor-Hire *660 Insurance Cancelled.’ ” The defense contends that because neither the Alcohol Influence Report nor the addendum are verified in accordance with Criminal Procedure Law § 100.30 (1) (d) they cannot be used to determine the sufficiency of the accusatory instruments consisting of the uniform traffic information and the supporting deposition. The People contend that the court can consider those documents in determining sufficiency because of the language at the bottom of the form which states, “The attached addendum/deposition(s) completed by Deps Giesy/Whiting is/are incorporated by reference.”[4] It is noted that although the addendum is said to be incorporated into the supporting deposition, there is no mention of the Alcohol/Drug Influence Report. Since the Alcohol/Drug Influence Report is neither incorporated into the supporting deposition nor is it verified as required by CPL 100.30 (1) (d) this court gives it no weight in determining the sufficiency of the accusatory instruments.
In People v Cordeiro (18 Misc 3d 1135[A], 2008 NY Slip Op 50320 [U] [Webster Just Ct 2008]) this court found the accusatory instruments charging the defendant with common-law and aggravated driving while intoxicated insufficient when neither the Alcohol/Drug Influence Report nor the addendum were incorporated by reference into the supporting deposition or verified in accordance with CPL 100.30 (1) (d). However, that issue was remedied in this case by the specific language in the supporting deposition incorporating by reference the said addendum. A verification as required by CPL 100.30 (1) (d) located after said incorporating language is a verification of the addendum as well. To hold otherwise would be to ignore both the plain meaning of the incorporating language and the obvious intent of the deponent.
A review of both the supporting deposition and the incorporated addendum still begs the question as to whether the deputy properly alleged operation of the stopped vehicle by the defendant. Asked another way did the supporting deposition and the incorporated addendum provide “allegations of fact, based either upon personal knowledge or upon information and belief, providing reasonable cause to believe that the defendant committed the offense or offenses charged”?[5] The addendum states that upon stopping the vehicle in question “R/D *661 [reporting deputy] approached the driver’s side of the minivan, observing a single occupant in the driver’s seat of the vehicle.” That would certainly provide reasonable cause to believe the defendant was operating the vehicle from when it was first observed by the deputy to the time of the stop. Both the supporting deposition and the addendum described the defendant as having various indicia of intoxication.
“There are competing concepts to consider when evaluating the sufficiency of a simplified information accompanied by a supporting deposition. There is the requirement ‘that such an instrument or count may not be dismissed as defective, but must instead be amended, where the defect or irregularity is of a kind that may be cured by amendment and where the people move to so amend.’ [CPL 170.35 (1) (a).] There is the concept put forward by the Court of Appeals that states, ‘So long as the factual allegations of an information give an accused notice sufficient to prepare a defense and are adequately detailed to prevent a defendant from being tried twice for the same offense, they should be given a fair and not overly restrictive or technical reading . . . .’ (People v Casey, 95 NY2d 354, 360 [2000].)” (People v Colburn, 48 Misc 3d 971, 974 [Webster Just Ct 2015].)
Based on the totality of the allegations contained in both the supporting deposition and the addendum incorporated therein the accusatory instruments charging the defendant with the offenses of common-law driving while intoxicated (Vehicle and Traffic Law § 1192 [3]), per se driving while intoxicated (Vehicle and Traffic Law § 1192 [2]) and aggravated driving while intoxicated (Vehicle and Traffic Law § 1192 [2-a]) are hereby found to be sufficient on their face as providing reasonable cause to believe the defendant committed the offense charged, i.e., operating a motor vehicle in an intoxicated condition. (CPL 100.25, 100.40 [2].)
Operating with a Suspended Registration
The defendant has moved for dismissal of the accusatory instrument charging the defendant with operation of a motor vehicle while registration suspended or revoked in violation of Vehicle and Traffic Law § 512. The uniform traffic information in question is accompanied by a supporting deposition.
“A simplified traffic information, to be sufficient on its face, need only comply with the requirements of *662 the Commissioner of Motor Vehicles; it need not provide on its face reasonable cause to believe defendant committed the offense charged (CPL 100.25, 100.40, subd 2). But if defendant requests a supporting deposition, to which he has a statutory right, it must provide reasonable cause (CPL 100.25, subd 2). The People’s tender of such a deposition voluntarily, rather than waiting for defendant’s request, should not obviate the need for the deposition to provide reasonable cause.” (People v Key, 45 NY2d 111, 115-116 [1978]; see also People v Colburn, 48 Misc 3d 971, 973-974 [Webster Just Ct 2015].)
The supporting deposition states in relevant part, “Your deponent did effect the stop of the motor vehicle that the defendant was operating for the following reasons: 512 (Ran License Plate).” No documentation was referenced by or attached to the supporting deposition. However, the last paragraph of the accusatory portion of the supporting deposition states as follows: “The source of your Deponent’s information and grounds for his/her belief is based upon the direct investigation of your Deponent and a teletype provided by the NYS Department of Motor Vehicles, obtained through the New York State Police Information Network and generated in the regular course of business.” The defense maintains that the failure to attach that teletype or some other type of DMV printout to the supporting deposition renders the accusatory herein insufficient, because the fact of revocation has not been adequately established. Defense counsel alleges that “[i]t is well established, and the practice of every Rochester City Court Judge, to require documentation of the factual basis for a License or Registration suspicion to be attached to a Supporting Deposition, in order to make it legally sufficient.” However, counsel provides no statutory or case law to support that position.
There is not a substantial amount of case law on this subject. Nevertheless, the Appellate Division, Second Department, affirmed a Dutchess County decision that found a police officer had probable cause to stop a motor vehicle based on the driver’s suspended registration as gleaned from the police officer’s computer. (People v Diggs, 38 AD3d 565 [2d Dept 2007].) The court stated:
“ ‘The stop was based upon information from a police computer run that the defendant was driving *663 a vehicle with a suspended registration . . . Under such circumstances, the police officer had probable cause to arrest the defendant (see Vehicle and Traffic Law § 512)’ (People v Brown, 306 AD2d 291 [2003] ).”[6]
In a recent Buffalo City Court case the judge dismissed the charge of operating a motor vehicle with suspended/revoked registration, i.e., Vehicle and Traffic Law § 512, because the officer did not set out the source of his information. (People v Dumas, 42 Misc 3d 265, 269 [2013].) In her decision Judge Ogden stated: “The basis of the investigation is not indicated and therefore the court does not know if the information was obtained from the Department of Motor Vehicles or the City of Buffalo Parking Violations Bureau.”6 [7] Despite the fact that the only documents filed with the court were the simplified traffic information and the supporting deposition, the court made no mention of the need for any written printout to be included with the accusatory instruments. Only the need to set out in the supporting deposition the source of the officer’s knowledge of how the registration status was acquired. See also People v Chittaranjans (185 Misc 2d 871 [2000]), which dismissed the charge of operating a motor vehicle with a suspended registration (Vehicle and Traffic Law § 512) because the officer did not set out the source of his knowledge as to the status of defendant’s registration. The court indicated that either a DMV printout or a statement from the officer that he used a mobile access device would have sufficed.[8] Nevertheless, the court did not require exclusively a printout as argued in the instant case. In both Dumas and Chittaranjans, the courts in question evaluated the accusatory instruments against the reasonable cause standard as set out in CPL 100.25 (2).[9] In the case herein, the officer indicated in his supporting deposition that the source of his knowledge concerning the status of the vehicle’s registration as being the DMV teletype. It is uncontroverted that the uniform traffic information is in the form required by the Commissioner of Motor Vehicles. (CPL 100.25 [1].) That, plus the allegations in the supporting deposition that the vehicle’s registration was revoked accompanied by the source of the officer’s knowledge provides reasonable cause to believe *664 the defendant was in violation of Vehicle and Traffic Law § 512. Thus the accusatory instruments are sufficient on their face.[10]
Unregistered Vehicle and Operating without Insurance
The defendant was also charged with operating an unregistered motor vehicle in violation of Vehicle and Traffic Law § 401 (1) (a) and operating a motor vehicle without insurance (Vehicle and Traffic Law § 319 [1]). Both of these offenses are traffic infractions. Both are charged by a uniform traffic information and a supporting deposition. As to the former charge the supporting deposition states only that “[v]ehicle is revoked for hire insurance cancelled.” As to the latter charge the supporting deposition states only that “[n]o insurance card provided and no insurance card on file with DMV.”
For the reasons set forth above the accusatory instruments charging the defendant with operating an unregistered motor vehicle are hereby deemed insufficient. That is they do not set forth the source of the officer’s information. (See People v Colburn, 48 Misc 3d 971, 974-975 [Webster Just Ct 2015]; People v Cordeiro, 18 Misc 3d 1135[A], 2008 NY Slip Op 50320[U], *5 [Webster Just Ct 2008].)
As to the latter charge, Vehicle and Traffic Law § 319 (3) states in pertinent part: “The failure to so produce such a card [insurance identification card] shall be presumptive evidence that such person was operating the vehicle without having in effect financial security required by the provisions of this chapter.” Based on that provision the officer’s statement in his supporting deposition that “[n]o insurance card provided” would be adequate. Thus the accusatory instrument was sufficient on its face by establishing reasonable cause to believe the defendant operated a motor vehicle without insurance in violation of Vehicle and Traffic Law § 319 (1).
Conclusion
The defendant’s motions to dismiss the accusatory instruments charging the defendant with violations of Vehicle and Traffic Law §§ 1192 (3), (2), (2-a); 512 and 319 (1) as being insufficient on their face are hereby denied. The defendant’s motion to dismiss the accusatory instrument charging the defendant with operating an unregistered motor vehicle (Vehicle and Traffic Law § 401 [1] [a]) as being insufficient on its face is hereby granted. The court has considered the additional *665 contentions of the defendant not specifically addressed herein and finds them to be without merit.

. This charge is hereby dismissed since it was issued in error based on the written representation of that fact by the arresting deputy as set out in the addendum to the AIcohol/Drug Influence Report. The deputy wrote “R/D [reporting deputy] requests citation issued for Vehicle and Traffic Law 355 be dismissed. Issued in error.”

. Vehicle and Traffic Law § 1192 (3), (2), (2-a).

3. Under the words “identify/observe” was the word “(circle).” However, neither the word identify nor the word observe was in fact circled.

. The words “addendum” and “are” are circled.

. CPL 100.25 (2).

. (Id. at 565.)

. (Id.)

. (Id. at 872.)

. The phrase “reasonable cause” is defined in CPL 70.10 (2).

. CPL 100.40 (2); 100.25 (1), (2).